1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  DEVENDRA RAJ ACHARYA, Individually and on    COMPLAINT
   Behalf of All Others Similarly Situated,
3                                                JURY TRIAL DEMANDED
4                                Plaintiffs,
5  vs.
6  7-ELEVEN, INC. and JIMMY K SOLANKI
7                                Defendants.
8

9        Plaintiff DEVENDRA RAJ ACHARYA ("Plaintiffs"), by and through their undersigned

10  attorney, brings this action individually and on behalf of all other similarly situated current and

11  former employee of Defendant, 7-ELEVEN, INC. ( 7-ELEVEN or Defendants) and JIMMY K

12  SOLANKI, (collectively " SOLNANKI" and/or the "Defendants"), alleges as follows, on behalf

13  of themselves and on behalf of all other persons similarly situated:

14

15

16                              **NATURE OF THE ACTION**

17  1.     Plaintiffs bring this action individually and on behalf of all other similarly situated current

18  and former employees, against Defendants.

19  2.     Plaintiffs are former full-time hourly employees in one of Defendant's stores who worked

20  in positions subject to the overtime provisions of the Fair Labor Standards Act (FLSA) §§ 201 et

21  seq., New York Labor Law, Article 19, §§ 650 et seq., and the supporting the supporting New

22  York State Department of Labor regulations.

23  3.     Defendants have willfully engaged in a pattern, practice and policy of unlawful conduct by

24  failing to record, credit, or compensate work performed by its hourly employees in the State of

25  New York, including Plaintiffs and members of the prospective Class (hereinafter "Plaintiff Class"

COMPLAINT - 1

or "the Class"), for hours in excess of forty (40) per week that Defendants have required and permitted such employees to perform work.

4.      Defendants' pattern, practice and policy of requiring or permitting work without compensation has violated its employees' rights under the FSLA, New York Labor Law Article 19, §§ 650 et seq., and the supporting New York State Department of Labor regulations, because Plaintiffs and the Class have performed work in excess of forty (40) hours per week without overtime wages.

5.      Plaintiffs and the Class seek overtime compensation for work in excess of forty (40) hours per week required or permitted by Defendants, and/or other damages as permitted by applicable law, and attorneys' fees and costs.

## THE PARTIES

6.      Plaintiffs, and other members of the class, are individuals residing in the City of New York and State of New York, who worked for Defendants at their locations.

7.      Upon information and belief, Defendant 7-ELEVEN is a corporation incorporated under the laws of the State of New York.

8.      Upon information and belief, Defendant 7-Eleven does business in the State of New York, engaged in business of selling goods.

9.      Upon information and belief, defendant Jimmy K Solanki, Franchisee of the defendant 7-Eleven.

10.     Upon information and belief, defendant Solanki  is owner subject business.

11.     Upon information and belief, defendant Solanki  is management of subject business.

COMPLAINT - 2

12.    At all relevant times, Defendants have been, and continue to be, employers engaged in interstate commerce and/or the production of good for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

13.    Upon information and belief, at all relevant times, Defendants have had gross revenue in excess of $500,000.00.

14.    Upon information and belief, at all relevant times herein, Defendants have used goods and materials produced in interstate commerce, and have employed at least two individuals who handled such goods and materials.

15.    The defendants jointly and severally own, operate and manages various location of the businesses.

16.    Upon information and belief, the defendant Solanki is management and/or officer of the defendant's businesses.

17.    Upon information and belief, at all relevant times, defendant has constituted an "enterprise" as defined in the FLSA.

18.    Defendants constitute "employer" of Plaintiffs and the Class as that term is used in the Fair Labor Standards Act, New York Labor Law, and each of their corresponding regulations.

19.    Upon information and belief, at all relevant times, the defendants have more than 40 employees.

## JURISDICTION AND VENUE

20.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1337, as well as supplemental jurisdiction over Plaintiffs' and the Class's state law claims

COMPLAINT - 3

pursuant to 28 U.S.C. §1367.  In addition, the Court has jurisdiction over the Plaintiffs' and the Class's claims under the FLSA pursuant to 29 U.S.C. §216(b).

21.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendants transact business in this District.

22.      The defendant Juice Generation maintains its principal executive office in the County of New York and State of New York and within the jurisdiction of the Southern District of New York.

## CLASS ACTION ALLEGATIONS

23.      Plaintiffs bring a collective action for violations of the Fair Labor Standards Act and a class action for violations of the New York Labor Law pursuant to Federal Rules of Civil Procedure Rule 23.

24.      The claim is brought on behalf of all regular full-time hourly employees of Defendants who have been or will be employed in Defendants' stores located in the State of New York during the applicable statute of limitations prior to the date of the commencement of this action through the date of final disposition of this action ("the class period"), whom Defendants have required or permitted to perform work in excess of forty (40) hours per week without overtime wages.

25.      Excluded from the Class are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the Class period has had, a controlling interest in Defendants; the Judge whom this case is assigned and any member of the Judge's immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Class.

26.      The employees in the Class identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such employees is unknown, and facts on which

the calculation of that number are presently within the sole control of the Defendants and can be ascertained through appropriate discovery.

27.     Upon information and belief defendants have substantial numbers of employee which meets requirement of class action.

28.     When plaintiffs were working for defendants' business located at address known as 107 E23rd Street, City of New York,  State of New York and Zip Code of 10010  ( New York City Location).

29.     Common questions of law and fact exist as to Plaintiffs and the Class that predominate over any questions only affecting them individually and include, but are not limited, the following:

a.     Whether Defendants have violated and continue to violate the Fair Labor Standards Act, 29 U.S.C. §§ 200 et seq., and the supporting United States Department of Labor regulations, as alleged herein;

b.     Whether Defendants have violated and continue to violate New York Labor Law §§ 190 et seq., and 650 et seq., and the supporting New York State Department of Labor Regulations, as alleged herein;

c.     Whether Defendants have failed to compensate Plaintiffs and the Class for work performed in excess of forty (40) hours per workweek with overtime wages;

d.     Whether Defendants have engaged in a pattern, practice or policy of encouraging Plaintiffs and members of the Class not to report all time worked;

e.     Whether Defendants have engaged in a pattern, practice or policy of deleting hours actually worked by Plaintiffs and members of the Class from records of their compensable time;

f.     Whether Defendants have engaged in a pattern, practice or policy by not providing required wages, hour and overtime notices to worker;

COMPLAINT - 5

g.    Whether Defendants have failed to keep true and accurate time records for all hours worked by Plaintiffs and the Class;

h.    The nature and extent of class-wide injury and the appropriate measure of damages for the Class.

30.    The claims of the Plaintiffs are typical of the claims of the Class he seeks to represent.

31.    Both the Plaintiffs and the Class work or have worked for Defendants as full-time hourly employees in its juice stores in New York State.

32.    Plaintiffs and the Class were not paid the statutorily mandated overtime rate of one and one-half times the regular rate for each hour worked in excess of forty (40) in a given work week.

33.    As a result, Plaintiffs and the Class have not been credited or compensated for work in excess of forty (40) hours per week that they have performed for the benefit of Defendants.

34.    Plaintiff and the Class have suffered damages, including lost overtime compensation, resulting from Defendants' wrongful conduct.

35.    Defendants required including plaintiffs and other worker to punch in when each worker enter into work and punch out when each worker end of the job shift each day.

36.    Defendants had the same practice and procedure to pay wages to other employee who were working with plaintiffs for the defendants.

37.    Plaintiffs will fairly and adequately represent and protect the interests of the members of the Class.

38.    Plaintiffs has retained counsel who has done in identifying or investigating potential claims in this action, who has knowledge of the applicable law, and competent and experienced in complex labor and employment litigation.

COMPLAINT - 6

## FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS

39.    All the work performed by Plaintiffs and the Class were assigned by their managers and supervisors.

40.    Plaintiffs and the Class were suffered and/or permitted by Defendants to work in excess of forty (40) hours per week without the rate of compensation reflective of the statutorily mandated overtime rate of one and one-half times the regular rate.

**Failure to Properly Record Hours Worked and Earnings**

41.    On each workday, Defendants have scheduled Plaintiffs and the Class to work in shifts that begin and end at particular times.

42.    Because Defendants have failed to record, or has inaccurately deducted, hours worked by employees', Plaintiffs and the Class have not been properly compensated for, work in excess of forty (40) hours per week performed for the benefit of the Defendants.

43.    Defendants have not recorded, reported or maintained records of such work performed for the benefit of Defendants by Plaintiffs and the Class as required by law.

**Widespread, Consistent and Willful Nature of Violations**

44.    Defendants' unlawful conduct has been widespread, repeated and consistent.

45.    Defendants' managers and supervisors have known the Defendants' employees, including Plaintiffs and the Class, perform work in excess of forty (40) hours per week that Defendants do not accurately record, report, or compensate such employees.

46.    Managers and supervisors observe the employees and often direct them in performing improperly compensated overtime work for the benefit of Defendants.

47.    Defendants have known that their supervisory and management personnel permitted or required Plaintiffs and the Class to perform work for the benefit of Defendant without properly recording or providing appropriate overtime compensation for such time spent working.

48.    As part of Defendants' regular business practice, Defendants failed to compensate Plaintiffs and the Class for the hours worked in excess of forty (40) hours per week at the statutorily mandated overtime rate of one and one-half times the regular rate for each hour over forty (40) per week.

## INDIVIDUAL REPRESENTATIVE PLAINTIFFS ALLEGATIONS

## PLAINTIFF ACHARYA

49.    Mr. Devendra Raj Acharya was employed by defendants from July 24, 2015 to June 29, 2017.

50.    During the course of his employment with defendants Mr. Acharya was working address known as 107 E 23rd Street, City of New York, State of New York zip code of 10010 .

51.    Mr. Acharya was a full-time employee regularly scheduled to work in excess of forty (40) hours per week.

52.    Mr. Acharya has not been properly compensated for approximately 120 hours of regular hours.

53.    Mr. Acharya has not been properly compensated for approximately 2,443 hours of overtime work performed during his employment period.

54.    Approximately 120 hours all regular hours should have been compensated at regular rate.

55.    Approximately, 2,443 overtime hours should have been compensated at the rate of one hundred and fifty times of regular pay rate.

COMPLAINT - 8

56.    Mr. Acharya was compensated at a rate of $9 for the period July 24 to December 17, 2015, at a rate of $10 per hour for the period December 18, 2015 to January 19, 2017 and at a rate of $11 per hour for the period January 20, 2017 to January 20 to June 29, 2017.

57.    Approximately overtime of 670 hours should be paid at a rate of $13.50.

58.    Approximately overtime of 1,424 hours should be paid at the rate of $15.00.

59.    Approximately overtime of 349 hours should be paid at the rate of $16.50.

60.    For an approximate total amount due Mr. Acharya for regular pay and proper overtime compensation of $14,241.83 and plus interest.

## FIRST CAUSE OF ACTION – FAIR LABOR STANDARDS ACT OVERTIME COMPENSATION

61.    Plaintiffs, on behalf of themselves and the Class, repeat, re-allege and incorporate by reference the foregoing allegations as if set forth fully and again herein.

62.    At all relevant times, defendants employed Plaintiffs and the Class within the meaning of the FLSA.

63.    At all relevant times, defendants had a policy, practice and procedure of refusing to pay the statutorily mandated overtime compensation to their employees for hours worked in excess of forty (40) hours per work week.

64.    As a result of defendants' failure to compensate their employees, including Plaintiffs and the Class, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per workweek, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

COMPLAINT - 9

65.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §§ 255(a).

66.    Due to defendants' FLSA violations, Plaintiffs and the Class are entitled to recover from defendants their unpaid overtime compensation, an additional equal amount as liquidated damages, interest, reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION - NEW YORK LABOR LAW OVERTIME COMPENSATION

67.    Plaintiffs, on behalf of themselves and the Class, repeat, re-allege and incorporate by reference the foregoing allegations as if set forth fully and again herein.

68.    At all relevant times, Plaintiffs and the Class were employed by the defendants within the meaning of the New York Labor Law, §§ 2, 190, and 651.

69.    Defendants willfully violated Plaintiffs' and the Class's rights by failing to pay full overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 190 et seq., and 650 et seq., and its supporting regulations in 12 N.Y.C.R.R. § 146.

70.    Defendant's failure to pay overtime was willful and lacked a good faith basis, within the meaning of the New York Labor Law §§ 198, 663 and supporting regulations.

71.    Due to defendants' New York Labor Law Violations, Plaintiffs and the Class are entitled to recover from defendants, their unpaid overtime compensation, liquidated damages equal to one hundred percent of the total amount of the wages found to be due, prejudgment interest, all

COMPLAINT - 10

reasonable attorney's fees and costs, and disbursements of the action, pursuant to New York Labor Law §§ 198 and 663.

## THIRD CAUSE OF ACTION – NEW YORK LABOR LAW WAGE THEFT PREVENTION ACT

72.     Plaintiffs, on behalf of themselves and the Class, repeat, re-allege and incorporate by reference the foregoing allegations as if set forth fully and again herein.

73.     Defendants willfully violated Plaintiffs' and the Class's rights by failing to provide them with the wage notices required by the Wage Theft Prevention Act when Plaintiffs and the Class were hired, or at any time thereafter.

74.     Defendants willfully violated Plaintiffs' and the Class's rights by failing to provide them with proper notice as required by New York Labor Law § 195 at any time during their employment.

75.     New York Labor Law § 195(1) provides, inter alia, that every employer shall furnish a notice containing the rate or rates of pay, the regular pay day, name of employer and employer's contact information as well as any such other information as deemed material and necessary by the commissioner of labor of the state of New York.

76.     Defendants willfully violated Plaintiffs' and the Class's rights by failing to provide them with accurate weekly wage statements as required by New York Labor Law § 195 at any time during their employment.

77.     New York Labor Law § 195(3) provides, inter alia, that every employer shall furnish each employee with every payment of wages, with a statement, listing gross wages, deductions and net wages, the regularly hourly rate of pay, as well as the overtime rate of pay, and upon the request of an employee furnish an explanation of how such wages were computed.

78.     Due to defendants' violations of the New York Labor Law, Plaintiffs and the Class are entitled to recover from defendants statutory damages of $50.00 for each work day, up to $5,000.00 total, defendants' failed to provide a notice as required by New York Labor Law §195(1), together with costs and reasonable attorney's fees.

79.     Due to defendants' violations of the New York Labor Law, Plaintiffs and the Class are entitled to recover from defendants statutory damages of $250.00 for each work day, up to $5,000.00, defendants failed to provide accurate weekly wage statements as required by New York Labor Law 195(3), together with costs and reasonable attorney's fees.

**FOURTH CASE OF ACTION – QUANTUM MERUIT (PLED IN THE ALTERNATIVE)**

80.     Plaintiffs, on behalf of themselves and the Class, repeat, re-allege and incorporate by reference the foregoing allegations as if set forth fully and again herein .

81.     Plaintiffs and members of the Class have performed numerous and valuable services at the request and for the benefit of the Defendants.  The reasonable value of those services for which Plaintiffs and the Class have not been paid is believed in an amount to be determined at trial, plus interest, costs and professional fees.

82.     Plaintiffs and the Class seek payment from the Defendants for the reasonable value of services provided to the Defendants.

83.     The Defendants have never paid the Plaintiffs at the correct prevailing overtime wage.

84.     By reason of the foregoing, the Defendants are liable to Plaintiffs and the Class in an amount to be determined at trial, plus interest and professional fees.

COMPLAINT - 12

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself and all members of the proposed Class pray for relief as follows:

1.      Certification of this case as a collective action pursuant to the Fair Labor Standards Act and as a class action pursuant to Federal Rules of Civil Procedure Rule 23.

2.      Designation of Representative Plaintiffs Acharya as representative of the Class, and their counsel of record as Class Counsel;

3.      Award Plaintiffs and the Class their unpaid overtime wages due under the Fair Labor Standards Act and New York Labor Law in an amount that cannot be currently calculated with specificity;

4.      Award Plaintiffs and the Class the liquid damages and statutorily mandated penalties under the Fair Labor Standards Act and New York Labor Law as stated above;

5.      Award Plaintiffs and the Class the costs of this action incurred herein, including reasonable attorneys' fees and expert fees;

6.      Award Plaintiffs and the Class Pre-Judgment and Post-Judgment interest, as provided by law;

7.      Award plaintiff Acharya sum of approximately more than $ 56,564.09 plus continuing interest, litigation cost, and attorney fee and

8.      Grant such other and further legal relief as this Court deems necessary, just and proper.


### DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rules of Civil Procedure Rule 38, Plaintiffs and the Class demand a trial by jury on all issues so triable

COMPLAINT - 13

Dated: Jackson Heights, New York
September 1st, 2018

Durga P. Bhurtel, Esq.
Attorney for Plaintiffs,
Devendra Raj Acharya, Individually and on
Behalf of All Others Similarly Situated
37-49 75th Street, 2nd Floor
Jackson Heights, New York 11372
Tel: (718) 509-6181
Fax: (917) 396-4622
Email: deb@attorneybhurtel.com

COMPLAINT - 14

## CONSENT TO SUE

By my signature below, I hereby declare and authorize the filing and prosecution of claims in my name and on my behalf to contest 7- Eleven Franchisee, its owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or Federal law, and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this lawsuit.  I have been provided with a copy of a retainer agreement with the Bhurtel Law Firm PLLC, and I agree to be bound by its terms.

Devendra Raj Acharya

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK          Civil Action No:

=================================================================

DEVENDRA RAJ ACHARYA, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED,

                                                      Plaintiffs,


                              V.

7-ELEVEN, INC. and JIMMY K SOLANKI



                                          Defendants.
  _____

=================================================================

# COMPLAINT

=================================================================


### Bhurtel Law Firm PLLC
*Attorney for Plaintiff(s)*


*Office and Post office Address, Telephone*

### 3749 75th Street 2nd Floor
### Jackson Heights, NY 11372
### Phone # 718-509-6181



=================================================================

Service of a copy of the within is hereby admitted by Attorney for the defendant on Dated,
by

                    …………………………………………..
                    *Attorney(s) for defendants BY:*