

1251 Avenue of the Americas, 27th Floor
New York, New York 10020-1104
www.dlapiper.com

Joseph Alan Piesco, Jr.
joseph.piesco@dlapiper.com
T 212.335.4537
F 917.778.8629

November 1, 2018

**VIA ECF**

The Honorable Paul A. Crotty, USDJ
United States District Court, Southern District of New York
Thurgood Marshall United States Courthouse
500 Pearl Street
New York, NY 10007

**Re:** ***Acharya et al. v. 7-Eleven, Inc. and Jimmy K. Solanki,***
**Case No. 18-cv-08010 (PAC)**

Dear Judge Crotty:

We represent the defendant, 7-Eleven, Inc. ("Defendant" or "7-Eleven"), in the above-referenced action. Pursuant to Rule 3.D of Your Honor's Individual Rules of Practice, 7-Eleven respectfully requests a preliminary conference to address its anticipated motion(s) (i) to dismiss the plaintiff Devendra Raj Acharya's ("Plaintiff") Complaint pursuant to Fed. R. Civ. P. 12(b)(6);[1] (ii) to strike Plaintiff's collective and class allegations under Fed. R. Civ. P. 12(f), and/or (iii) for a more definite statement pursuant to Fed. R. Civ. P. 12(e).

By way of background, 7-Eleven is one of the largest convenience store franchisors in the world. Co-defendant Jimmy Solanki ("Solanki") is a franchisee of 7-Eleven who owns and operates the 7-Eleven store located at 107 E. 23rd Street, in New York City. (*See* Comp., ¶¶9-11, 50.) Mr. Solanki is an independent contractor, and has sole control over all labor relations at his 7-Eleven store.

At all relevant times, Plaintiff – who contends he was not paid for certain time worked in accordance with the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") – was an employee of Mr. Solanki. In fact, his Complaint specifically avers that Mr. Solanki – not 7-Eleven, "is owner subject business" [*sic*]. (Comp., ¶10.) Plaintiff is not, and never has been, employed by 7-Eleven, nor does he make any factual allegations in his Complaint to that effect. Nonetheless, he alleges, in conclusory fashion, that he was employed by "Defendants."[2] (*See* Comp., ¶¶15, 18.)

Defendant respectfully seeks leave to move to dismiss the claims against it as Plaintiff has failed to state any viable claims against 7-Eleven, nor could he possibly do so. Plaintiff's

---

1 Plaintiff's Complaint was served on 7-Eleven on October 11, 2018. Therefore, 7-Eleven must answer or otherwise move with respect to the Complaint on or before November 1, 2018.

2 Plaintiff's allegations are so conclusory and boilerplate that, in one allegation, he mistakenly refers to defendant "Juice Generation." (Comp., ¶22.)






Complaint alleges no facts to support the contention that 7-Eleven ever employed him or any member of the putative class – either directly or constructively as a "joint employer." This is for good reason: 7-Eleven never did so, nor did it have anything at all to do with managing Mr. Solanki's business or employees. Among other things, 7-Eleven did not manage or supervise Mr. Solanki's store or its operations; it did not hire, fire or supervise Plaintiff or Mr. Solanki's other employees; it did not schedule, record or monitor Plaintiff's hours of work; it did not set his rates of pay; and it did not direct his work, monitor his performance, or discipline him in any way. In short, 7-Eleven had absolutely nothing to do with Plaintiff's employment, and numerous other courts in substantially identical circumstances have recognized as much, rejecting similar claims brought by employees of other 7-Eleven franchisees. *See, e.g.*, *Hatcher v. Augustus*, 956 F. Supp. 387, 393 (E.D.N.Y. 1997); *Singh v. 7-Eleven, Inc.*, 2007 WL 715488, at *7 (N.D. Cal. Mar. 8, 2007); *Aleksick v. 7-Eleven, Inc.*, 205 Cal. App. 4th 1176, 1187-89 (2012); *Martin v. Southland Corp.*, 2009 WL 3956897 (Cal. App. Ct. Sept. 20, 1996); *Cislaw v. Southland Corp.*, 4 Cal. App. 4th 1284 (1992).

Simply put, Plaintiff fails to plead any facts to support the notion that he, let alone any member of the putative class he purports to represent, was employed by 7-Eleven. His bare assertion that he was employed by "Defendants" – an apparent reference to both 7-Eleven and Mr. Solanski – is insufficient to state a claim as a matter of law. As such, we respectfully request leave to move pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiff's Complaint as to 7-Eleven.

However, even assuming *arguendo* Plaintiff could plead a claim against 7-Eleven, the allegations in the Complaint are deficient. Initially, Plaintiff has failed to adequately plead his claims for violations of the FLSA and NYLL. Plaintiff generally alleges that he was "typically scheduled to work in excess of forty (40) hours per week," but that he was not paid for all time worked. (Comp., ¶¶ 51-60.) Plaintiff does not, however, allege his work schedule, or even provide a single instance on which he purportedly was not paid for time worked. The Second Circuit has expressly held that nearly identical generalized allegations are deficient and subject to dismissal. *See, e.g., Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 89 (2d Cir. 2013); *see also Serrano v. I. Hardware Distrib., Inc.*, 2015 WL 4528170, at *3 (S.D.N.Y. July 27, 2015); *Bustillos v. Acad. Bus, LLC*, 2014 WL 116012, at *3 (S.D.N.Y. Jan. 13, 2014). The result should be no different here.

Additionally, Plaintiff's collective and class-based claims should be stricken. In the first instance, the alleged putative class and collective are unsustainable as plead, in that they seek to represent all employees in New York State who are employed by either Mr. Solanski's franchise or 7-Eleven. (Compl., 23.) Plaintiff cannot possibly hope to maintain claims on behalf of persons employed by 7-Eleven when he was never so employed, nor offers any factual allegations to this end, and courts routinely dismiss claims in such circumstances. *See, e.g.*, *Reynolds v. Lifewatch, Inc.*, 136 F. Supp. 3d 503, 511 (S.D.N.Y. 2015) (*quoting Mayfield v. Asta Funding*, 95 F.Supp.3d 685, 696 (S.D.N.Y. 2015)) (motion to strike class allegations properly "granted if a defendant 'demonstrate[s] from the face of the [c]omplaint that it would be impossible to certify the alleged class regardless of the facts [the] [p]laintiffs may be able to obtain during discovery'"). Beyond this, Plaintiff's class and collective claims are nothing more





than an amalgam of conclusory allegations of "patterns," "policies" and "practices," which do no more than recite legal elements without setting forth any single factual allegations. Such generalized class and collective allegations plainly fail to meet even the most basic pleading requirements demanded by the Supreme Court. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

Finally, 7-Eleven alternatively requests leave to move, pursuant to Fed. R. Civ. P. 12(e), for a more definite statement. As noted above, there are no factual allegations whatsoever – only conclusory ones – that 7-Eleven employed Plaintiff (or any member of the class or collective). If Plaintiff has some good faith basis to allege an employment relationship with 7-Eleven (and we believe he does not), he should be required to plead something that supports the existence of that relationship. If he cannot do so, his claims against 7-Eleven necessarily fail as a matter of law. Similarly, Plaintiff should be required to plead specific instances of purportedly unlawful conduct (as required by the Second Circuit), identify the policies and practices at issue, and plead that he personally witnessed other members of the putative class or collective being subjected to the same or substantially similar wage payment practices. If he cannot do so in good faith, Plaintiff's class and collective action claims should be dismissed.

* * *

Based on the foregoing, Defendant 7-Eleven respectfully requests that the Court hold a preliminary motion conference at its convenience to address the foregoing anticipated motions. We thank Your Honor in advance for the Court's attention to this matter.

Respectfully submitted,

Joseph A. Piesco, Jr.

cc: Durga P. Bhurtel, Esq. (attorney for Plaintiff)