UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DEVENDRA RAJ ACHARYA, Individually and :
on Behalf of All Others Similarly Situated,

                             *Plaintiffs*,               1:18-cv-08010-PAC

        *-against-*                             **OPINION & ORDER**

7-ELEVEN, INC. and JIMMY K. SOLANKI,

                             *Defendants.*
------------------------------------------------------------X

HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiff sues on behalf of himself and a purported class of similarly situated current and former employees, alleging that Defendants 7-Eleven, Inc. ("Defendant," "7-Eleven," "Franchisor") and Jimmy K. Solanki ("Solanki," "Franchisee") violated the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). The Franchisor argues that Plaintiff has inadequately pled that it is a joint employer with the Franchisee, and moves to dismiss the First Amended Complaint ("FAC").

Defendant 7-Eleven's motion to dismiss is GRANTED, with leave to the Plaintiff to amend his Complaint.

## BACKGROUND

### I. Facts[1]

Plaintiff Devendra Raj Acharya was employed from July 24, 2015 to June 29, 2017 at a 7-Eleven convenience store located at 107 East 23rd Street, New York, NY 10010 and owned by Solanki, a 7-Eleven franchisee.[2] Dkt. 20, at 4, 17. During that time, Acharya was a full-time employee, was regularly scheduled to work the overnight shift from 7 p.m. to 7 a.m., and would work between five and seven days a week. *Id.* at 17–18. The amount of overtime Acharya worked fluctuated over this period, with scheduled work weeks ranging from 60 hours to 84 hours over the time he worked at the store. *Id.* at 18. Acharya alleges that he went unpaid for a total of 2,443 hours of overtime work, in addition to 120 hours that should have been paid out at his regular rate. *Id.*

### II. Procedural History

The Plaintiff's initial Complaint was filed on September 3, 2018. Dkt. 1. On November 1, 2018, 7-Eleven filed a letter motion informing the Court that it might move to either dismiss the FAC, strike the Plaintiff's collective and class allegations, or require a more definite statement. Dkt. 8, at 1. After a pre-motion conference held on February 7, 2019, the Court ordered the Plaintiff to amend the Complaint by March 11, 2019, after which Defendant 7-Eleven could move to dismiss. Minute Entry dated Feb. 7, 2019. The FAC was filed on March 11, 2019, alleging violations of the FLSA §§ 201 *et. seq.*,

---

[1] These facts are taken from the FAC, which the Court "accept[s] as true" and "consider[s] . . . in the light most favorable to the plaintiff" in "determin[ing] whether the complaint sets forth a plausible basis for relief." *Galper v. JP Morgan Chase Bank, N.A.*, 802 F.3d 437, 443 (2d Cir. 2015).

[2] Franchising is heavily regulated by the federal government and the State of New York. Dkt. 22, at 3.

the NYLL §§ 190 *et seq.* and §§ 650 *et. seq.*, and a claim sounding in quantum meruit. Dkt. 20, at 19–25. Defendant moved to dismiss on April 11, 2019. Dkt. 21.

## DISCUSSION

### I. Defendant's 12(b)(6) Motion

#### A. Legal Standard for 12(b)(6) Motion

A defendant may move to dismiss a complaint that "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff is not required to put forward "detailed factual allegations" to survive a motion to dismiss, but "more than labels and conclusions" is necessary, and "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

#### B. Legal Standard for FLSA and NYLL Claims

An entity or individual must first fall within the FLSA's definition of a "employer" for liability under the statute to attach. *See Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999). The FLSA broadly defines an employer to "include[] any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). This definition is given an "expansive interpretation" to carry out "the remedial nature of the statute," *Herman*, 172 F.3d at 139, and the Supreme Court has explained that the existence of an employer-employee "relationship does not depend on . . . isolated factors but rather upon the circumstances of the whole activity." *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 730 (1947). "[T]he overarching

3

concern is whether the alleged employer possessed the power to control the workers in question, with an eye to the 'economic reality' presented by the facts of each case." *Herman*, 172 F.3d at 139 (internal citations omitted).

"Because the definition of employer under FLSA and NYLL is generally considered co-extensive, courts employ a single test to determine whether an individual qualifies as an employer under either." *In re Domino's Pizza Inc.*, 16-CV-2492 (AJN) (KNF), 2018 WL 4757944, at *4 (S.D.N.Y. Sept. 30, 2018). While "[t]he Second Circuit has not squarely addressed whether a franchisor of an independently owned franchise may be the 'employer' of" someone who works for the franchisee, leaving courts to apply the "economic reality" test on a case-by-case basis, *Bonaventura v. Gear Fitness One NY Plaza LLC*, 17 Civ. 2168 (ER), 2018 WL 1605078, at *3 (S.D.N.Y. Mar. 29, 2018), the weight of authority indicates that plaintiffs face a hard road when seeking to impose joint employer liability on franchisors. *See, e.g.*, *In re Domino's Pizza*, 2018 WL 4757944, at *4 ("Plaintiffs were unable to point to a single case in which a franchisor was held liable as a joint employer under FLSA."); *Singh v. 7-Eleven, Inc.*, No. C-05-04534 RMW, 2007 WL 715488, at *6 (N.D Cal. Mar. 8, 2007). *But see, e.g.*, *Orozco v. Plackis*, 757 F.3d 445, 452 (5th Cir. 2014) ("We do not suggest that franchisors can never qualify as the FLSA employer for a franchisee's employees.").

The "economic reality" test to determine whether an entity fits within the definition of "employer" consists of two sets of factors. *Irizarry v. Catsimatidis*, 722 F.3d 99, 104–105 (2d Cir. 2013). Formal control is shown by the four factors laid out in *Carter v. Dutchess Community College*, 735 F.2d 8, 12 (2d Cir. 1984), namely, whether the alleged employer "(1) had the power to hire and fire the employees, (2) supervised

and controlled employee work schedules or conditions of employment, (3) determined the rate or method of payment, and (4) maintained employment records." *Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 67 (2d Cir. 2003) (citing *Carter*, 735 F.2d at 12).

The functional control test offers six further factors to determine "employer" status for FLSA purposes: "(1) whether [defendant's] premises and equipment were used for the plaintiffs' work; (2) whether the [immediate employer] had a business that could or did shift as a unit from one putative joint employer to another; (3) the extent to which plaintiffs performed a discrete line-job that was integral to [defendant's] process of production; (4) whether responsibility under the contracts could pass from one subcontractor to another without material changes; (5) the degree to which the [defendants] or their agents supervised plaintiffs' work; and (6) whether plaintiffs worked exclusively or predominantly for the [putative joint employer]." *Id.* at 72.

"[M]ere boilerplate allegations that [a defendant] meets the various prongs of the economic reality test stated solely upon information and belief and without any supporting details" are not enough to survive a Rule 12(b)(6) motion. *Tracy v. NVR, Inc.*, 667 F. Supp. 2d 244, 247 (W.D.N.Y. 2009). *See also N.Y. State Court Clerks Ass'n v. Unified Court Sys. of the State of N.Y.*, 25 F. Supp. 3d 459, 471 (S.D.N.Y. 2014).

### C. Analysis

Plaintiff has failed to plead adequate factual material to give rise to an inference that Franchisor exercised the control, formal or functional, required to hold it liable as an employer under the FLSA. The Plaintiff flatly alleges that the Franchisor "created management and operation policies and practices that were implemented at the subject business," and required the Plaintiff to wear certain clothing. Dkt. 20, at 4. The FAC

5

alleges that 7-Eleven collected his work hours, provided an employee time recording system to the Franchisee, and inquired at the Franchisee regarding the Plaintiff's activities. Dkt. 20, at 5–6. The FAC also alleges the Franchisor "indirectly" had the right to "train" and "direct" the Plaintiff, and that the Franchisor maintained computer and software systems that allowed it to "monitor[]" the Plaintiff. Dkt. 20, at 6–7.

The Plaintiff fails to plead any factual material regarding who made his job offer, nor are there any factual allegations suggesting the Franchisor had hiring and firing power, or controlled the Plaintiff's work schedule or employment conditions. *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 144 (2d Cir. 2008); *Herman*, 172 F.3d at 140; *Torres v. Gristede's Operating Corp.*, No. 04 Civ. 3316 (PAC), 2011 WL 4571792, at *3 (S.D.N.Y. Sept. 23, 2011), *aff'd in part and vacated in part on other grounds sub nom. Irrizary*, 722 F.3d at 99. The FAC offers no factual material alleging the Franchisor exerted any control whatsoever over the hours worked or the pay received. *Barfield*, 537 F.3d at 144–45.

While the Plaintiff may, as he does here, plead facts "upon information and belief" in a case "where the facts are peculiarly within the possession and control of the defendant," this is not such a case. *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010). "The joint employer analysis considers whether two entities shared sufficient control over employees so that each is deemed an employer." *Chelsea Grand, LLC v. N.Y. Hotel & Motel Trades Council, AFL-CIO*, No. 07 Civ. 2614 (PAC), 2014 WL 4813028, at *8 (S.D.N.Y. Sept. 29, 2014), *aff'd*, 629 Fed. App'x 152 (2d Cir. 2015). That control is not sufficiently alleged in the FAC. More than the FAC's "boilerplate allegations . . . stated solely upon information and belief and without any supporting

details" is required to bring the Franchisor into court as an employer under the FLSA or NYLL. *Tracy*, 667 F. Supp. 2d at 247.

## II. Defendant's 12(f) Motion

### A. Legal Standard

A court, on its own initiative or on the motion of a party, "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Because the Court grants the Franchisor's motion to dismiss, we decline to consider its Rule 12(f) motion made in the alternative. The Court notes that the FAC offers little that would appear to support the Plaintiff's class or collective action claims.

## CONCLUSION

Defendant 7-Eleven's motion to dismiss the FAC pursuant to Rule 12(b)(6) is GRANTED, with leave to the Plaintiff to amend. Defendant Solanki and the Plaintiff are ordered to submit a Second Amended Civil Case Management Plan for approval by the Court. The Clerk of the Court is directed to close the motion at Docket 21.

Dated: New York, New York
December 11, 2019

SO ORDERED

*Paul A. Crotty*
PAUL A. CROTTY
United States District Judge