UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEVENDRA RAJ ACHARYA, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　PLAINTIFFS,<br><br>　　　　VS.<br><br>JIMMY K SOLANKI<br><br>　　　　　　　Defendants. | SECOND AMENDED COMPLAINT<br><br>JURY TRIAL DEMANDED<br><br>CASE NO: 1:18-CV-08010-MKV |

Plaintiff DEVENDRA RAJ ACHARYA ("Plaintiffs"), by and through their undersigned attorney, brings this action individually and on behalf of all other similarly situated current and former employee of Defendant, JIMMY K SOLANKI, (SOLNANKI and/or the Defendants), alleges as follows, on behalf of themselves and on behalf of all other persons similarly situated:

### NATURE OF THE ACTION

1. Plaintiff(s) bring this action individually and on behalf of all other similarly situated current and former employees, against Defendants.

SECOND AMENDED COMPLAINT - 1

2. Plaintiff are suing defendant(s) for unpaid overtime compensation under the Fair Labor Standard ACT(FLSA) and its accompanying regulations and for unpaid overtime and spread of hours compensation under the New York Labor Law (NYLL) and its accompanying regulations.

3. Defendant(s) have willfully violated the FLSA and NYLL by employing plaintiffs in a work week longer than forty (40) hours and in a workday longer than ten (10) hours without paying them overtime and spread of hours compensation.

4. Plaintiffs bring this action pursuant to 29 USCS § 216(b) to remedy defendants' violation of the overtime provision of the FLSA, 29 USCS §§ 201, et seq. and supporting United States Department of Labor regulations.

5. Plaintiffs also bring this action pursuant to NYLL § 663(2) to remedy defendants' violations of the wage, overtime, spread of hours, failure to give notice provision of the Labor Law Article 19, §§ 650, et seq

SECOND AMENDED COMPLAINT - 2

and supporting New York State Department of Labor regulations.

6. Plaintiff Acharya also brining action pursuant to 29 USCS § 215 (a) that defendant discriminated against him.

## THE PARTIES

7. Plaintiffs, and other members of the class, are individuals residing in the City of New York and State of New York, who worked for Defendants at their locations.

### Defendant Solanki

8. Upon information and belief, defendant Jimmy K Solanki, is Franchisee of the defendant 7- Eleven.

9. Upon information and belief, defendant Solanki is owner of subject business.

10. Upon information and belief, defendant Solanki is management of subject business.

11. At all relevant times, Defendant(s) have been, and continue to be, employers engaged in interstate

commerce and/or the production of good for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

12. Upon information and belief, at all relevant times, Defendants have had gross revenue in excess of $500,000.00.

13. Upon information and belief, at all relevant times herein, Defendants have used goods and materials produced in interstate commerce, and have employed at least two individuals who handled such goods and materials.

14. Upon information and belief, the defendant Solanki is management and/or officer of the defendant's businesses.

15. Upon information and belief, at all relevant times, defendant(s) has constituted an "enterprise" as defined in the FLSA.

16. Defendants constitute "employer" of Plaintiffs and the Class as that term is used in the Fair Labor

SECOND AMENDED COMPLAINT - 4

Standards Act, New York Labor Law, and each of their corresponding regulations.

17. Defendant(s) suffer or permit to work plaintiff.

18. Defendant(s) benefited from when defendant(s) suffer or permit to work plaintiff.

## JURISDICTION AND VENUE

19. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1337, as well as supplemental jurisdiction over Plaintiffs' and the Class's state law claims pursuant to 28 U.S.C. §1367. In addition, the Court has jurisdiction over the Plaintiffs' and the Class's claims under the FLSA pursuant to 29 U.S.C. §216(b).

20. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendants transact business in this District.

21. The defendant(s) maintains its principal executive office in the County of New York and State of New York

and within the jurisdiction of the Southern District of New York.

## CLASS ACTION ALLEGATIONS

22. Plaintiffs bring a collective action for violations of the Fair Labor Standards Act and a class action for violations of the New York Labor Law pursuant to Federal Rules of Civil Procedure Rule 23.

23. The claim is brought on behalf of all regular full-time hourly employees of Defendant(s) who have been or will be employed in Defendants' stores located in the State of New York during the applicable statute of limitations prior to the date of the commencement of this action through the date of final disposition of this action ("the class period"), whom Defendants have required or permitted to perform work in excess of forty (40) hours per week without overtime wages.

24. Excluded from the Class are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any

time during the Class period has had, a controlling interest in Defendants; the Judge whom this case is assigned and any member of the Judge's immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Class.

25. The employees in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such employees is unknown, and facts on which the calculation of that number are presently within the sole control of the Defendants and can be ascertained through appropriate discovery.

26. Upon information and belief defendants have substantial numbers of employee which meets requirement of class action.

27. When plaintiffs were working for defendants' business located at address known as 107 E23rd Street, City of New York, State of New York and Zip Code of 10010    New York City Location).

28. Common questions of law and fact exist as to Plaintiffs and the Class that predominate over any questions only affecting them individually and include, but are not limited, the following:

a. Whether Defendants have violated and continue to violate the Fair Labor Standards Act, 29 U.S.C. §§ 200 et seq., and the supporting United States Department of Labor regulations, as alleged herein;

b. Whether Defendants have violated and continue to violate New York Labor Law §§ 190 et seq., and 650 et seq., and the supporting New York State Department of Labor Regulations, as alleged herein;

c. Whether Defendants have failed to compensate Plaintiffs and the Class for work performed in excess of forty (40) hours per workweek with overtime wages;

d. Whether Defendants have engaged in a pattern, practice or policy of encouraging Plaintiffs and members of the Class not to report all time worked;

e. Whether Defendants have engaged in a pattern, practice or policy of deleting hours actually worked by

SECOND AMENDED COMPLAINT - 8

Plaintiffs and members of the Class from records of their compensable time;

f. Whether Defendants have engaged in a pattern, practice or policy by not providing required wages, hour and overtime notices to worker;

g. Whether Defendants have failed to keep true and accurate time records for all hours worked by Plaintiffs and the Class;

h. The nature and extent of class-wide injury and the appropriate measure of damages for the Class.

29. The claims of the Plaintiffs are typical of the claims of the Class he seeks to represent.

30. Both the Plaintiffs and the Class work or have worked for Defendants as full-time hourly employees in its juice stores in New York State.

31. Plaintiffs and the Class were not paid the statutorily mandated overtime rate of one and one-half times the regular rate for each hour worked in excess of forty (40) in a given work week.

SECOND AMENDED COMPLAINT - 9

32. As a result, Plaintiffs and the Class have not been credited or compensated for work in excess of forty (40) hours per week that they have performed for the benefit of Defendants.

33. Plaintiff and the Class have suffered damages, including lost overtime compensation, resulting from Defendants' wrongful conduct.

34. Defendants had the same practice and procedure to pay wages to other employee who were working with plaintiffs for the defendants.

35. Plaintiffs will fairly and adequately represent and protect the interests of the members of the Class.

36. Plaintiffs has retained counsel who has done in identifying or investigating potential claims in this action, who has knowledge of the applicable law, and competent and experienced in complex labor and employment litigation.

## **FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS**

37. All the work performed by Plaintiffs and the Class were assigned by their managers and supervisors.

38. Plaintiffs and the Class were suffered and/or permitted by Defendants to work in excess of forty (40) hours per week without the rate of compensation reflective of the statutorily mandated overtime rate of one and one-half times the regular rate.

**Failure to Properly Record Hours Worked and Earnings**

39. On each workday, Defendants have scheduled Plaintiffs and the Class to work in shifts that begin and end at particular times.

40. Because Defendants have failed to record, or has inaccurately deducted, hours worked by employees', Plaintiffs and the Class have not been properly compensated for, work in excess of forty (40) hours per week performed for the benefit of the Defendants.

41. Defendants have not recorded, reported or maintained records of such work performed for the benefit of

Defendants by Plaintiffs and the Class as required by law.

**Widespread, Consistent and Willful Nature of Violations**

42. Defendants' unlawful conduct has been widespread, repeated and consistent.

43. Defendants' managers and supervisors have known the Defendants' employees, including Plaintiffs and the Class, perform work in excess of forty (40) hours per week that Defendants do not accurately record, report, or compensate such employees.

44. Managers and supervisors observe the employees and often direct them in performing improperly compensated overtime work for the benefit of Defendants.

45. Defendants have known that their supervisory and management personnel permitted or required Plaintiffs and the Class to perform work for the benefit of Defendant without properly recording or providing appropriate overtime compensation for such time spent working.

SECOND AMENDED COMPLAINT - 12

46. As part of Defendants' regular business practice, Defendants failed to compensate Plaintiffs and the Class for the hours worked in excess of forty (40) hours per week at the statutorily mandated overtime rate of one and one-half times the regular rate for each hour over forty (40) per week.

## INDIVIDUAL REPRESENTATIVE PLAINTIFFS ALLEGATIONS

### PLAINTIFF ACHARYA

47. Mr. Devendra Raj Acharya was employed by defendants from July 24, 2015 to June 29, 2017.

48. During the course of his employment with defendants Mr. Acharya was working address known as 107 E 23rd Street, City of New York, State of New York zip code of 10010.

49. Mr. Acharya was generally scheduled to work from evening 7 PM to morning 7AM.

50. Mr. Acharya was scheduled work from 5 days to 7 days of each working week and 12 hours a day.

SECOND AMENDED COMPLAINT - 13

51. Mr. Acharya was a full-time employee regularly scheduled to work in excess of forty (40) hours per week.

52. Plaintiff Acharya's overtime was varied, some time Acharya was scheduled to work 84 hours a week some time 72 hours a week and sometime 60 hours a week. Overtime varies in weeks.

53. Defendant(s) agreed to compensate to Mr. Acharya at a rate of $9 for the period July 24 to December 17, 2015, at a rate of $10 per hour for the period December 18, 2015 to January 19, 2017 and at a rate of $11 per hour for the period January 20, 2017 to January 20 to June 29, 2017.

54. Defendant failed to pay minimum or regular wage, overtime wage spread of hour wages, to plaintiffs.

**FIRST CAUSE OF ACTION – FAIR LABOR STANDARDS ACT**

**OVERTIME COMPENSATION**

55. Plaintiffs, on behalf of themselves and the Class, repeat, re-allege and incorporate by reference the

SECOND AMENDED COMPLAINT - 14

foregoing allegations as if set forth fully and again herein.

56. Pursuant to 29 USCS § 207 no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek loner than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

57. At all relevant times, defendants employed Plaintiffs and the Class within the meaning of the FLSA.

58. At all relevant times, defendants had a policy, practice and procedure of refusing to pay the statutorily mandated overtime compensation to their employees for hours worked in excess of forty (40) hours per work week.

SECOND AMENDED COMPLAINT - 15

59. As a result of defendants' failure to compensate their employees, including Plaintiffs and the Class, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per workweek, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

60. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §§ 255(a).

61. Defendant(s) willfully and intentionally violated the FLSA's overtime requirement.

62. Pursuant to 29 USCS § 216, plaintiff are entitled to an amount equal to their damages as liquidated damages.

63. Due to defendants' FLSA violations, Plaintiffs and the Class are entitled to recover from defendants their unpaid overtime compensation to be determine at the trial, an additional equal amount as liquidated damages, interest, reasonable attorneys' fees and

costs, other compensation and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION – NEW YORK LABOR LAW OVERTIME COMPENSATION

64. Plaintiffs, on behalf of themselves and the Class, repeat, re-allege and incorporate by reference the foregoing allegations as if set forth fully and again herein.

65. Pursuant to 12 NYCRR § 142-2.2 employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate for hours worked in excess of 40 hours.

66. At all relevant times, Plaintiffs and the Class were employed by the defendants within the meaning of the New York Labor Law, §§ 2, 190, and 651.

67. Defendants willfully violated Plaintiffs' and the Class's rights by failing to pay full overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in

SECOND AMENDED COMPLAINT - 17

excess of forty hours per workweek in violation of the New York Labor Law §§ 190 et seq., and 650 et seq., and its supporting regulations in 12 N.Y.C.R.R. § 142.

68. Defendant's failure to pay overtime was willful and lacked a good faith basis, within the meaning of the New York Labor Law §§ 198, 663 and supporting regulations.

69. Due to defendants' New York Labor Law Violations, Plaintiffs and the Class are entitled to recover from defendants, their unpaid overtime compensation, liquidated damages equal to one hundred percent of the total amount of the wages found to be due, prejudgment interest, all reasonable attorney's fees and costs, and disbursements of the action, pursuant to New York Labor Law §§ 198 and 663.

## THIRD CAUSE OF ACTION – NEW YORK LABOR LAW WAGE THEFT PREVENTION ACT

70. Plaintiffs, on behalf of themselves and the Class, repeat, re-allege and incorporate by reference the

foregoing allegations as if set forth fully and again herein.

71. Defendants willfully violated Plaintiffs' and the Class's rights by failing to provide them with the wage notices required by the Wage Theft Prevention Act when Plaintiffs and the Class were hired, or at any time thereafter.

72. Defendants willfully violated Plaintiffs' and the Class's rights by failing to provide them with proper notice as required by New York Labor Law § 195 at any time during their employment.

73. New York Labor Law § 195(1) provides, inter alia, that every employer shall furnish a notice containing the rate or rates of pay, the regular pay day, name of employer and employer's contact information as well as any such other information as deemed material and necessary by the commissioner of labor of the state of New York.

74. Defendants willfully violated Plaintiffs' and the Class's rights by failing to provide them with accurate

weekly wage statements as required by New York Labor Law § 195 at any time during their employment.

75. New York Labor Law § 195(3) provides, inter alia, that every employer shall furnish each employee with every payment of wages, with a statement, listing gross wages, deductions and net wages, the regularly hourly rate of pay, as well as the overtime rate of pay, and upon the request of an employee furnish an explanation of how such wages were computed.

76. Defendant(s) required pursuant to 12 NYCRR § 142-2.6 establish maintain and preserve weekly pay roll records.

77. Defendant(s) required pursuant to 12 NYCRR § 142-2.7 furnish to each employee a statement with every payment of wages, listing hours, rates paid, gross wages, allowances, if any, minimum wage, deductions and net wages.

78. Due to defendants' violations of the New York Labor Law, Plaintiffs and the Class are entitled to recover from defendants statutory damages of $50.00 for each

work day, up to $5,000.00 total, defendants' failed to provide a notice as required by New York Labor Law §195(1), together with costs and reasonable attorney's fees.

79. Due to defendants' violations of the New York Labor Law, Plaintiffs and the Class are entitled to recover from defendants statutory damages of $250.00 for each work day, up to $5,000.00, defendants failed to provide accurate weekly wage statements as required by New York Labor Law 195(3), together with costs and reasonable attorney's fees.

## **FOURTH CASE OF ACTION**

80. Plaintiffs, on behalf of themselves and the Class, repeat, re-allege and incorporate by reference the foregoing allegations as if set forth fully and again herein.

81. Defendant(s) is prohibited pursuant 12 NYCRR § 142.2.10 to deduct plaintiff(s) regular wages, overtime wages except authorized or required by law.

SECOND AMENDED COMPLAINT - 21

Defendant(s) is prohibited to deduction, from plaintiff's wages, including but not limited to, deduction for spoilage or breakage; deduction for cash shortages or losses; or fines, or penalties for lateness, misconduct.

82. Defendant(s) violated 12 NYCRR § 142.2.10.

83. Due to defendants' New York Labor Law Violations, Plaintiffs Acharya is entitled to recover from defendant(s), reimbursement of unauthorized or prohibited deduction, his unpaid overtime compensation, liquidated damages, prejudgment interest, all reasonable attorney's fees and costs, and disbursements of the action.

## FIFTH CASE OF ACTION – QUANTUM MERUIT (PLED IN THE ALTERNATIVE)

84. Plaintiffs, on behalf of themselves and the Class, repeat, re-allege and incorporate by reference the foregoing allegations as if set forth fully and again herein.

SECOND AMENDED COMPLAINT - 22

85. Plaintiffs and members of the Class have performed numerous and valuable services at the request and for the benefit of the Defendants.  The reasonable value of those services for which Plaintiffs and the Class have not been paid is believed in an amount to be determined at trial, plus interest, costs and professional fees.

86. Plaintiffs and the Class seek payment from the Defendants for the reasonable value of services provided to the Defendants.

87. The Defendants have never paid the Plaintiffs at the correct prevailing overtime wage.

88. By reason of the foregoing, the Defendants are liable to Plaintiffs and the Class in an amount to be determined at trial, plus interest and professional fees.

## SIXTH CAUSE OF ACTION

**Retaliation or discriminatory claim under section 29 USCS § 215(a)(3)**

89. Plaintiffs, on behalf of themselves and the Class, repeat, re-allege and incorporate by reference the foregoing allegations as if set forth fully and again herein.

90. Pursuant to USCS § 215 (a) prohibits to defendant in any manner discriminate against the employee because such employee has filed any compliant or instituted or caused to be instituted any proceeding under or related to 29 USCS §§ 201 et esq.,

91. Plaintiff filed this action on September 3rd 2018. See doc. No. 1.

92. Subsequently, Defendants Jimmy K Solanki contacted plaintiff and threaten plaintiff Acharya by saying either withdraw this action or he will file criminal complaint against plaintiff.

SECOND AMENDED COMPLAINT - 24

93. Plaintiff did not withdraw this action therefore defendant Solanki filed false criminal complaint against Plaintiff Acharya.

94. Based on Defendant Solanki's compliant, Plaintiff was arrested on or about October 22, 2018.

95. Defendant Solanki created false documents and submitted to New York City Police, and District attorneys of New York County.

96. Charges against plaintiff was dismissed on January 30th, 2019 by Hon. Judge N Moyne, Criminal Court of the City of New York, County of New York.

97. Defendants Solanki violated the Fair Labor Standards Act as amended 29 U. S.C. § 215(a)(3).

98. The above said violation was direct result of the plaintiff Acharya's assertion of rights to which he was entitled under said statute.

99. Because of the foregoing prohibited/retaliation act of defendant Solanki plaintiff Acharya suffered, mental injury, financial damages to pay attorney fees, loss

of taxi/uber/lyft deriving license which resulted loss of income.

100. Due to defendants' Solanki's foregoing retaliation act FLSA violations, Plaintiffs is entitled to recover from defendants such legal or equitable relief as may be appropriate to effectuate the purpose of section 15(a)(3) (29 USCS § 215(a) (3)including but not limited to pain and suffering, mental injury, medical care cost, payment of wages lost,  their unpaid overtime compensation, an additional equal amount as liquidated damages, interest, reasonable attorneys' fees and costs and disbursements of this action, defense cost in that Queens supreme court personal injury claim.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself and all members of the proposed Class pray for relief as follows:

1.   Designation of this action as a collective action on behalf of the plaintiff(s) DEVENDRA RAJ ACHARYA, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY

SECOND AMENDED COMPLAINT - 26

SITUATED, and ordering the prompt issuance of notice pursuant to 29 USCS § 216(b) to all similarly situated employee apprising them of the pendency of this action, permitting them to assert timely FLSA claim in this action by filing individual consent to sue pursuant to 29 USCS § 216(b);

2. Certification of this case as a collective action pursuant to the Fair Labor Standards Act;

3. Designation of Representative Plaintiffs Acharya as representative of the Class, and their counsel of record (Bhurtel Law Firm PLLC) as Class Counsel;

4. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and on behalf of the members of class, appointing plaintiff Devendra Raj Acharya and his counsel to represent class member, ordering appropriate equitable and injective relief to remedy defendants' violation of New York State Law, including but not necessarily limited to an order enjoining defendant(s) from continuing its unlawful practices;

SECOND AMENDED COMPLAINT - 27

5.   An order tolling the statute of limitations;

6.   An order declaring that the defendants violated the Fair Labor Standards Act;

7.   An order declaring that the defendant(s)' violations of the FLSA were willful;

8.   An award of liquidated and/or punitive damages as result of the defendant's willful failure to pay wage pursuant to 29 USCS § 216 and the labor law,

9.   An award of appropriate statutory penalties;

10.  An award of restitution to be paid by defendants according to proof;

11.  An award of unpaid minimum wages, overtime wages due under the FLSA and NYLL;

12.  An award of liquid damages under FLSA and NYLL;

13.  An award Plaintiffs and the Class the costs of this action incurred herein, including reasonable attorneys' fees and expert fees;

14.  An award Plaintiffs and the Class Pre-Judgment and Post-Judgment interest, as provided by law;

15. An award plaintiff Acharya, sum of loss of wages/income actual amount to be determined at the trial;

16. An award of damages arising out of the illegal deductions from earned wages,

17. An award of liquidated damages as a result of defendant(s)' willful illegal deductions from earned wages pursuant to the NYLL;

18. An Award of legal or equitable relief as may be appropriate to effectuate the purpose of section 15(a)(3) (29 USCS § 215(a)(3) including but not limited to pain and suffering, mental injury, medical care cost, payment of wages lost, for plaintiff Acharya other damages as authorized under law, and

19. Grant such other and further legal relief as this Court deems necessary, just and proper.


## DEMAND FOR TRIAL BY JURY


SECOND AMENDED COMPLAINT - 29

Pursuant to Federal Rules of Civil Procedure Rule 38, Plaintiffs and the Class demand a trial by jury on all issues so triable.


Dated: Jackson Heights, New York
       May 21, 2020

Durga P. Bhurtel, Esq.
Attorney for Plaintiffs,
Devendra   Raj   Acharya,
Individually and on Behalf of
All Others Similarly Situated
37-49 75th Street, 2nd Floor
Jackson  Heights,  New  York
11372
Tel: (718) 509-6181
Email:deb@attorneybhurtel.com

SECOND AMENDED COMPLAINT - 30

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK          Civil Action No: 1:18-CV-08010-MKV
===================================================================

DEVENDRA RAJ ACHARYA, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED

                                                                    Plaintiffs


                               V.


JIMMY K SOLANKI


                                                                    Defendants.
_____

===================================================================

# SECOND AMENDED COMPLIANT
===================================================================


**Bhurtel Law Firm PLLC**
*Attorney for Plaintiff(s)*

*Office and Post office Address, Telephone*

**3749 75th Street 2nd Floor**
**Jackson Heights, NY 11372**
**Phone # 718-509-6181**


===================================================================

Service of a copy of the within is hereby admitted by Attorney for the defendant on Dated,
by

                    ……………………………………..
                    *Attorney(s) for defendants BY:*