# BHURTEL LAW FIRM PLLC

37-49 75th Street, 2nd floor, Jackson Heights, NY 11372
Phone # 718-509-6181 Email: deb@attorneybhurtel.com

---

The Honorable MARY KAY VYSKOCIL
United States District Court Judge
United States District Court
Southern District of New York
500 Pearl St. New York NY 10007-1312

Date: July 31st, 2020

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/17/2020
```

Re:   Devendra Raj Acharya, Individually and on Behalf of All other similarly situated Plaintiff(s) vs 7-Eleven, Inc., Jimmy K Solanki (Defendant(s).
Civil Acton No. 1:18-cv-08010 (MKV)

Dear Judge Vyskocil:

This is an action for overtime wage claim and violation of Fair Labor Standard Act (FLSA) and New York Labor Law (NYLL). Plaintiff worked for the defendant Solanki from July 24, 2015 to until June 29 2017. Plaintiff was scheduled to work each working week 60 hours to 84 hours. After plaintiff file this compliant defendant filed criminal compliant by making false charges to plaintiff and Plaintiff was arrested on October 22, 2018. Subsequently Court dismissed charges against plaintiff on or about January 30th, 2019. Plaintiff also claims that defendant retaliated against the plaintiff and violated FLS 29 U. S. C. § 215(a)(3).

Plaintiff served demands for discovery upon defendants on or about March 14th 2019. Defendant objected various demand with boiler plate objection particularly: asserting demand is overbroad, unduly, burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff subsequently made clarification and made demand on or about June 27, 2019. Email was send to defendant asking demand on February 10th 2020. Again plaintiff, in good faith plaintiff send email to defense counsel to resolve discovery issues on May 7th 2020. Plaintiff has not received any response or records as of today.

Plaintiff reasoned that plaintiff's demand are pursuant to Rule 26(a) 4 §(b)(1), it is reasonably calculated information demand is not an unduly burdensome, oppressive, overly broad, or vague, request instead it is a relevant resource to help resolve the issue and is within the discoverable scope. Defendant is nonresponsive and the objection is without merits and is merely attempting to stonewall the discovery.

Defendant failed to provide (1) Plaintiff's IRS W-2 for the period of employment, (2) overtime payment records, (3) plaintiff's records of clock in and clock out, (4) defendant's other employee's records of clock in and out working at 107 E 23rd Street, new York 10010 for the period of July 2015 to the present time, (5) Defendant's practice of the records keeping of hourly wages employee for the period of July 2015 to the present time, (6) Defendant's policy of record keeping of the defendant's hourly wages employee for the period of July 2015 to the present time; (7) The defendant's written custom of records keeping of hourly wages employee for the period of July 2015 to the present time (8) name and position of all hourly wage workers who have been working for the defendants from July 2015 to the present time, (9) name and position and last known address, email address, phone number of all hourly wage workers those who no longer working with the defendant but who worked for the defendant during the period of July 2015 to at present,

(10) All records pursuant to Fair Labor Standards Act 29, U.S.C. Section 200 et. seq. and the supporting United States Department of Labor Regulations that defendant has complied FLSA and supporting regulations (11) Sample notice related to wages, hour and over time notice to its employee/ worker, (12) all sample notice records of each location of Defendant's business that defendant provided notice containing the rate or rate of pay, the regular pay day, name of employer, and employer's contact information, (13) Name and address of the person who drafted the alleged document dated June 26, 2017 (14) Name and address of witnesses who witnessed the alleged documents dated June 26, 2017 (15) **V**ideo records of Plaintiff working time (16) Electronic recording system's name, software's name that was recorded Plaintiff's work time and activities (17) Meta data of the computer record or electronic records those are related to the Plaintiff work schedule (18) Mata data of the computer record or electronic records those are related to Plaintiff's activities or duties which is material and necessary to determine the Plaintiff's claim; (19) All records and complaint filed with district attorney against plaintiff.
Forgoing demands are relevant to establish claim of this matter, or disprove defendants defenses.

Defendant also failed to provide following response with respect to plaintiffs' demand for interrogatories: 1. Name and address to the witness or person who drafted the alleged payment document dated June 26, 2017, 2. Name and address of witness and other information requested in demand, 3 Categories of damages alleging from plaintiff 4. Witness name and address relevant to FLSA and NYLL compliance, Name of defendant's employee and other demands.

Our office called multiple time to defense counsel but has not received call back. I sent email to defendant on July 16th 2020 with proposed letter to submit joint letter. Defense Counsel Mr. Mizrahi asked availability and my office provided by email. Plaintiff's attorney also tried to contact by phone no response from defense counsel. For the forging reasons plaintiff is unable submit joint letter. This is a first letter motion submitted by the plaintiff(s).
Forgoing information also relevant to make motion for collective action. Fact discovery completion due date is September 30th 2020.
Wherefore it is respectfully requested for court conferenced to resolve this discovery matter.

/s/ Durga Prasad Bhurtel
Durga Prasad Bhurtel, Esq.
Bhurtel Law Firm PLLC
Attorney for the Plaintiff
3749 75th Street, 2nd Floor
Jackson Heights, New York 11372
Tel: (718) 509-6181
Email: deb@attorneybhurtel.com

> Defendant is ORDERED to produce the all documents and information requested in this letter except for Category #19.
>
> Date: 8/17/2020                /s/ Mary Kay Vyskocil
> New York, New York             Mary Kay Vyskocil
>                                United States District Judge

2

Via ECF:
Joshua Levin- Epstein
Levin Epstein & Associates, P.C.
Attorneys for Defendant,
Jimmy K. Solanki
One Penn Plaza, Suite 2527
New York, New York 10119
Tel: (212) 792 0046
Email: Jason@levinepstein.com

3