UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                    --
---------------------------------------------X
DEVENDRA RAJ ACHARYA, Individually and
on Behalf of All Others Similarly Situated,

                              Plaintiff(s),


              Vs.
JIMMY K SOLANKI

                              Defendant(s),
---------------------------------------------X


**Civil Action No.: 1:18-cv-08010-**


PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR
                        SANCTION




Submitted by

BHURTEL LAW FIRM PLLC
Attorneys for the Plaintiff
3749 75th Street, 2nd Floor
Jackson Heights, New York 11372
Tel: (718) 509 6181
Date October 5, 2020

## Contents

1.   Nature of the Claims...........................................................................1

2.   STATEMENT OF FACTS .....................................................................2

3.   Procedure history: ............................................................................4

4.   Defendant failed to provide discovery pursuant to court order.........6

5.   Legal Standard for discovery under Rule 26 (a) and (e) disclosure
requirements: ..........................................................................................7

6.   Legal standard under Rule 37 to issue just order against the
disobeying party......................................................................................7

7.   Court already made finding that defendant should have made
following records and Defendant failed to provide records and
information:..............................................................................................9

8.   Defendant failed to provide response of plaintiff's
interrogatories......................................................................................10

9.   Plaintiff has complied pre-motion conference under local rules
and Judges rules ..................................................................................11

10.   Conclusion......................................................................................12

**Table of Authorities**

**1.  Second Circuit Opinions          Page(s)**

*Agiwal v Mid Is. Mtge. Corp.*,
   555 F3d 298 [2d Cir 2009] ................................................................................. 8

*Chavez v. ABC Corp.*,
   No. CV 14-1333 (LDW)(GRB), 2016 U.S. Dist. LEXIS 72902 (E.D.N.Y. June 1, 2016) ................. 8

*Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*,
   602 F.2d 1062 (2d Cir. 1979) ............................................................................. 8

*Guggenheim Capital, L.L.C. v. Birnbaum*,
   722 F.3d 444 (2d Cir. 2013) .............................................................................. 8

**United States Code**
29 U. S. C. § 215(a)(3) ....................................................................................... 2, 4
Section 200 et. seq ............................................................................................ 9
section 201 et seq ............................................................................................. 3
section 650 et. Seq. and 651 ................................................................................. 3
§ 146 ............................................................................................................ 3
§ 195 (3) ........................................................................................................ 3
§§ 198, 663 ..................................................................................................... 3
29 U. S. C. §§ 207(a) (1) ..................................................................................... 3
**Rules**
Fed. R. Civ. P. 26 (a) ....................................................................................... 6 7
Fed. R. Civ. P. 26 (e) ........................................................................................ 7
Fed. R. Civ. P. 37 (a) ........................................................................................ 7
Fed. R. Civ. P. 37 (b), ....................................................................................... 7
Fed. R. Civ. P. 37(a)(4) ...................................................................................... 7
Fed. R. Civ. P. 37(b)(2)(A)(vi) ............................................................................... 8
Fed. R. Civ. P. 451 ........................................................................................... 8
Rule 26(a) ...................................................................................................... 7
Rule 37 ...................................................................................................... 7, 8
New York  Rule 37.2 ......................................................................................... 12
(Local Rule)

*New York Rule 5.1*,
   (Local Rule) ................................................................................................. 12

Nature of the Claims

In this action, Plaintiff alleges that Defendants violated the FLSA and NYLL by: (1) failing to pay overtime for the hours to pay overtime for the hours that he works over forty(40) hours in a week;(2) failing to keep payroll records as required by the FLSA and NYLL; and (3) failing to records all of the time that their employee worked for the benefits of the defendant and provide such time records to the Plaintiff. As part of its uniform approach Defendants employed workers more than forty (40) hours each week and did not pay overtime where Plaintiff and class members worked more than forty (40) hours.

Plaintiff claims that defendant retaliate plaintiff because of this action. Defendant Filed criminal complaint by creating false documents that was submitted to New York City Police and District attorney and plaintiff was arrested October 22, 2018. Charges against plaintiff was dismissed on January 30, 2019. Defendant violated FLSA 29 U. S. C. § 215(a)(3).


2. STATEMENT OF FACTS

Plaintiff Devendra Raj Acharya was initially hired by Defendants 7-Eleven and its owner and/or manager Jimmy K Solanki on July 24, 2015 and worked until June 29, 2017 *(Second Amd. Compl. Dokt. # 49 Para 47)*. *https://ecf.nysd.uscourts.gov/cgi-bin/DktRpt.pl?113153753964441-L_1_0-1.* During the course of employment plaintiff was working address known as 107 E 23rd Street, City of New York, State of New York and having Zip code 10010*(Second Amd. Compl. Dokt. # 49 Para 48).* Plaintiff Acharya was

generally scheduled to work from evening 7AM to morning 7AM *(Second Amd. Compl. Dokt. # 49 Para 49).* Plaintiff's worked schedule was five days to seven days of each working week and 12 hours a day *Second Amd. Compl. Dokt. # 49 Para 50).* Plaintiff was fulltime employee of defendants and regularly scheduled to work in excess of forty (40) hours per week *Second Amd. Compl. Dokt. # 49 Para 51).* Plaintiff's overtime was varied, sometimes plaintiff was scheduled to work 84 hours a week, sometimes 72 hours and sometimes 60 hours a week and the defendants have not been properly compensated to the plaintiff Acharya *Second Amd. Compl. Dokt. # 49 Para 52).*

This is an action for employment wages, and other violation claim under FLSA and New York Labor Law (NYLL). Plaintiff claims that defendant Solanki failed to pay wages and overtime wages pursuant to FLSA section 201 et seq. including §§ 207(a) (1) and 215 (a) and NYLL, article 19 section 650 et. Seq. and 651 and supporting regulation 12 N. Y. C. R. R. § 146. Plaintiff was worked for the defendant Solanki from July 24, 2015 to until June 29, 2017. Plaintiff was scheduled to work five days to seven days of each working week and 12 hours each day. Plaintiff worked each working week 60 hours to 84 hours. Defendant failed to keep working hour records under FLSA and NYLL. *Second Amd. Compl. Dokt # 49 Para 55-63)*

Plaintiff further claims that defendant did not pay wages of 14,241.83 plus FLSA damages, NYLL damages, interest, and failure to give proper paycheck damages $ 5,000.00 failure to contribute social security and Medicare tax. Defendant willfully failure to pay overtime wages and regular wages and violated NYLL §§198, 663. Pursuant to NYLL § 195 (3)

3

defendant was required to provide statement of accurate hour, overtime wage. Alternatively, plaintiff claims (quantum meruit) payment of already performed valuable service to defendants. (*Second Amd. Compl. Dokt # 49 Para 64-79*)

Plaintiff furthermore claims that once this action was filed by the plaintiff on September 3rd, 2018 defendant Solnaki retaliated Plaintiff Acharya, by threatening Acharya either withdraw this action or will file criminal complaint. Defendant made criminal complaint by creating false documents that was submitted to New York City Police and District attorney and plaintiff was arrested October 22, 2018. Charges against plaintiff was dismissed on January 30th, 2019. Defendant violated FLSA 29 U. S. C. § 215(a)(3). Plaintiff lost his Taxi and limousine commission license to operate uber, lyft etc and lost income. *Second Amd. Compl. ECF Doc. # 49 Para. 89-100)*

## 3. Procedure history:

Plaintiff commenced action by filling compliant on September 3, 2019. ECF Docket no. 1. Defendant Solanki Appeared and answered the complaint on January 14, 2019. Dokt. no. 14. The Plaintiff filed the First Amended complaint On March 11, 2019. Dokt. no. 20. Judge Paul Crotty Granted Defendant 7-eleven's motion to dismiss complaint on or about December 13, 2019. Docket no. 40. After, the court dismissed the complaint against the Defendant 7-Eleven, plaintiff was granted to submit amended complaint. Pursuant to the court order Plaintiff filed second Amended

complaint on May 22, 2020. ECF Docket no. 49. The defendant Solanki has not answered second amended complaint as of now.

 First case management ordered was entered on or about February 19, 2019. Docket no. 19. Hon. Judge Paul Crotty granted extension of time to complete discovery on July 1, 2019. Docket no. 33.  Judge Crotty stayed all discovery proceeding until 15 days after defendant 7-Eleven's motion to dismiss is determined. Docket no. 39.  February 7, 2020, this action was reassigned to Hon. Judge Mary Kay Vyskocil.  Hon. Judge Vyskocil entered a new civil Case management plan and scheduling order. Which set forth new discovery schedule. Facts discovery was due by September 30, 2020. Docket no. 46.

Defendant failed to provide discovery and plaintiff submitted first letter motion for discovery. Docket no. 50. On August 17, 2020, this court granted Plaintiff letter motion for discovery. The defendant was ordered to produce all documents except category 19 which was All records and complaint filed with district attorney against plaintiff. ECF Docket no. 56. Defendant Solanki filed letter motion to extension of discovery. Docket no. 51.  This court granted extension of time to complete discovery from September 30, 2020 to October 30, 2020. Defendant is not relieved to provide recorded pursuant to plaintiff's demand and this court order.  Court had adjourned October 7, 2020, conference to November 11, 2020. Docket no. 57.

Defendant's counsel Levin-Epstein & Associates P. C. submitted motion to withdraw on August 17, 2020, and this court granted that motion to withdraw as counsel of the defendant Solanki on September 2, 2020. Docket no. 53, 54, and 58.  This court set hearing on September 23, 2020 at

12:00 PM. Neither defendant nor defendant's out going counsel appeared at the hearing. Court issued order to show cause to the defendant and defense counsel and appear on October 6, 2020 at 11:30 AM. Docket no. 59. Plaintiff served order to show cause to the defendant and Defense counsel. ECF Docket no. 61.  ON September 23, 2020 hearing Court also informed plaintiff that plaintiff should move timely for motion for discovery or sanction so court can grant timely manner relief.

4. Defendant failed to provide discovery pursuant to court order

Plaintiff first served discovery demand and interrogatories demand on March 14, 2019.  Defendant made improper or boiler plate objections. Plaintiff send second clarified discovery demand and interrogatories on June 28, 2019. See Exhibit 1. Second time on July 16, 2019 plaintiff requested again records and information from defendant. See Exhibit 2. Third time on February 20, 2020 send demand for discovery reminding defendant need to provide records and information. See Exhibit 3. Fourth time, on February 20, 2020 send demand for discovery reminding defendant need to provide records and information. See Exhibit 4. Fifth time, on May 7, 2020 send demand via email for discovery requesting from defendant records and information. See Exhibit 5.  Sixth time, on July 22, 2020 send demand via email for discovery requesting from defendant records and information. See Exhibit 6.  On July 31, 2020 Plaintiff filed promotion letter for discovery issues. Dokt. No.  50. this Court ordered to defendant to provide all records and information to plaintiff. Dokt. No. 56. Seventh time, on September 23, 2020 send demand via email for discovery requesting from defendant records and information. See Exhibit 7.

6

5. Legal Standard for discovery under Rule 26 (a) and (e) disclosure requirements:

A party is require, to disclose witness information, category and location of all documents, tangible things, that the disclosing party has in its possession, custody or control and may use to support its claims or defense, unless the use would be solely for impeachment. *See* Fed. R. Civ. P. 26 (a). Party is required to supplement its discovery response timely manner when the party learns that in some material respect the disclosure or response was incomplete or incorrect. See Fed. R. Civ. P. 26 (e).

6. Legal standard under Rule 37 to issue just order against the disobeying party

If party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions. See Fed. R. Civ. P. 37 (a).

An evasive, or incomplete, disclosure, answer or response must be treated as a failure to disclose answer or respond. Fed. R. Civ. P. 37(a)(4).

Court has inherent discretion power to issue just orders against disobeying party who fails to obey an order to provide or permit discovery. See Rule 37. Court may issue just order, among others, (i) facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party form supporting or opposing designated claims or defenses or from introducing

7

designated matters in evidence; (iii) striking pleading in whole or in part; (iv) dismissing the action or proceeding in whole or in part; or (v) rendering a default judgment against the disobedient party et al. Fed. R. Civ. P. 37 (b), (c). These sanctions serve a threefold purpose. (1) Preclusionary orders ensure that a party will not be able to profit from its own failure to comply, (2) Rule 37 strictures are also specific deterrents and, like civil contempt, they seek to secure compliance with the particular order at hand. (3) Finally, although the most drastic sanctions may not be imposed as "mere penalties, but courts are free to consider the general deterrent effect their orders may have on the instant case and on other litigation, provided that the party on whom they are imposed is, in some sense, at fault. *Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1066 (2d Cir. 1979))

"If a party . . . fails to obey an order to provide or permit discovery," the district court may impose sanctions, including "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(vi). Certain Rule 37 remedies -- dismissing a complaint or entering [*451] judgment against a defendant -- are severe sanctions, but they may be appropriate in "extreme situations," as "when a court finds willfulness, bad faith, or any fault on the part of the" noncompliant party. *Guggenheim Capital, L.L.C. v. Birnbaum*, 722 F.3d 444, 450-51 (2d Cir. 2013).

The Second Circuit has established several factors to evaluate a dismissal an action under Rule 37, namely,: (1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance. See *Id. at 451*; and citing *Agiwal v Mid Is. Mtge. Corp.*, 555 F3d 298, 302 [2d Cir 2009].

After giving warning to the pro se defendant court can issue sanction order against the pro se party as well. Id. see also (*Chavez v. ABC*

*Corp.*, No. CV 14-1333 (LDW)(GRB), 2016 U.S. Dist. LEXIS 72902, at *7-9 (E.D.N.Y. June 1, 2016) (EDNY June 1, 2016, No. CV 14-1333 (LDW)(GRB))

7. Court already made finding that defendant should have made following records and Defendant failed to provide records and information:

(1) Plaintiff's IRS W-2 for the period of employment, (2) overtime payment records, (3) plaintiff's records of clock in and clock out, (4) defendant's other employee's records of clock in and out working at 107 E 23rd Street, new York 10010 for the period of July 2015 to the present time, (5) Defendant's practice of the records keeping of hourly wages employee for the period of July 2015 to the present time, (6) Defendant's policy of record keeping of the defendant's hourly wages employee for the period of July 2015 to the present time; (7) The defendant's written custom of records keeping of hourly wages employee for the period of July 2015 to the present time (8) name and position of all hourly wage workers who have been working for the defendants from July 2015 to the present time, (9) name and position and last known address, email address, phone number of all hourly wage workers those who no longer working with the defendant but who worked for the defendant during the period of July 2015 to at present, (10) Defendant shall produce all records pursuant to Fair Labor Standards Act 29, U.S.C. Section 200 et. seq. and the supporting United States Department of Labor Regulations that defendant has complied FLSA and supporting regulations (11) Sample notice related to wages, hour and over time notice to its employee/ worker, (12) all sample notice records of each location of Defendant's business that defendant provided notice containing the rate or rate of

pay, the regular pay day, name of  employer, and employer's contact
information, (13) Name and address of the person who drafted the alleged
document dated June 26, 2017 (14) Name and address of witnesses who
witnessed the alleged documents dated June 26, 2017 (15) **V**ideo records
of Plaintiff working time (16)  Electronic recording system's name,
software's name that was recorded Plaintiff's work time and activities
(17) Meta data of the computer record or electronic records those are
related to the Plaintiff work schedule  (18) Mata data of the computer
record or electronic records those are related to Plaintiff's activities
or duties which is material and necessary to determine the Plaintiff's
claim; (19) All records and compliant filed with district attorney
against plaintiff.  See Exhibits 1-7.


### 8. Defendant failed to provide response of plaintiff's interrogatories

Defendant also failed to provide following response with respect to
plaintiffs' demand for interrogatories: 1. Name and address to the
witness or person who drafted the alleged payment document dated June
26, 2017, 2. Name and address of witness and other information requested
in demand, 3 Defendant must provide categories of damages alleging from
plaintiff 4. Witness name and address relevant to FLSA and NYLL
compliance, Name of defendant's employee and other demands.
Plaintiff has requested seven times and defendant failed to provide
records and/or information. See Exhibit 1,2,3,4,5,6 and 7. This court
has order to the defendant to provide those records and information, but
defendant has failed to do so. On July 31, 2020 Plaintiff filed promotion

letter for discovery issues. Dokt. No.  50. this Court ordered to defendant to provide all records and information to plaintiff. Dokt. No. 56. Seventh time, on September 23, 2020 send demand via email for discovery requesting from defendant records and information. See Exhibit 7.

*All four prong test has been satisfied under Guggenheim Capital, LLC v Birnbaum*, at 450-451. Forgoing records shows that defendant's willfulness of the non-compliant or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of noncompliance. In this action the defendant was represented by attorney and noncompliance started when defense counsel was representing the defendants. Warning requirement is required for pro se party. But when party is represented by the Attorney may not require warning. Based on circumstance of this action probably warning will be futile.

Pursuant to Court order defendant has to appear for Deposition but has not appear. Plaintiff send email to schedule Deposition, but defendant has not contacted back to plaintiff's counsel for scheduling deposition.

Foregoing clearly shows that defendant failed comply court order.

   9. Plaintiff has complied pre-motion conference under local rules
      and Judges rules

Pursuant to this court's individual rules party wishing to file a motion for sanction and any motions concerning discovery should, prior to filing any motion request a pre-motion conference with the court. On September 23, 2020 hearing Plaintiff's counsel requested with the court about discovery issues and this court directed plaintiff to make proper motion timely. Since defendant is not responding plaintiff's email or mail it will be futile for further request of discovery resolution with the defendant. Further

Pursuant to local rules of the United States District Court for the Southern and Eastern District of New York Rule 5.1, (Local Rule) Plaintiff is quoting or attaching only those portions of the interrogatories and request for documents, materials and other request. Pursuant to local rules 37.2 plaintiff made, on July 31, 2020, request for informal conference with the court by letter-motion for a pre-motion discovery. This court has ordered to provide those records and defendant has failed to provide those records. Further request will be futile. Plaintiff has put verbatim Quotation of discovery material. See Exhibit 1.

   10.    Conclusion

For the forgoing reasons plaintiff request following reliefs:

Court order (i) All facts claimed by the plaintiff be taken as established for purposes of the action; (ii) prohibiting the defendant form opposing plaintiff's claim or supporting defenses or from introducing any evidence in support of the defense; (iii) striking defendant's answer in whole or in part; or (iv) rendering a default judgment against the defendant and in favor of plaintiff.

Alternatively, plaintiff request that court further ordered conditional order to provide documents, information, and material sought by the plaintiff(s), defendant to appear for deposition  and extent discovery completion time for another 60 days and allow plaintiff to obtain further discovery from the defendant.

Your Etc.

*Durga Bhurtel*

_____
Durga P. Bhurtel
Attorney for the Plaintiff
Bhurtel Law Firm PLLC
3749 75th Street Fl 2nd
Jackson Heights New York 11372
Phone no. 212-461-4628