| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 11/13/2020 |
| DEVENDRA RAJ ACHARYA, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　　　-against-<br><br>JIMMY K. SOLANKI,<br><br>　　　　　　　　　Defendant. | 1:18-cv-08010-MKV<br><br>ORDER GRANTING MOTION FOR SANCTIONS DISMISSING INDIVIDUAL DEFENDANT'S ANSWER |

MARY KAY VYSKOCIL, United States District Judge:

　　　　Plaintiff commenced this action in September 2018 against 7-Eleven, Inc. and Jimmy K. Solanki, *see* Complaint, ECF No. 1, asserting claims under the federal Fair Labor Standards Act ("FLSA") and the New York State Labor Law ("NYLL") for denial of overtime compensation while he was employed at 7-Eleven convenience stores operated by Defendant Solanki. After Plaintiff filed a First Amended Complaint [ECF No. 20], Defendant 7-Eleven, Inc. was dismissed from the case in an opinion dated December 13, 2019. *See* Order Granting Motion to Dismiss, ECF No. 40. Plaintiff further amended his complaint following the dismissal, resulting in the operative Second Amended Complaint [ECF No. 49]. Solanki is a franchisee of 7-Eleven, Inc. and operates several 7-Eleven convenience stores in New York City. *See* Second Amended Complaint, ECF No. 49, ¶¶ 8-9. Defendant Solanki is the only Defendant remaining in the case.

　　　　The Parties began discovery in this case almost two years ago. *See* Civil Case Management Plan and Scheduling Order, ECF No. 17. However, discovery was later stayed pending the resolution of the above-referenced motion to dismiss. *See* Order Granting Stay, ECF No. 38. By that order, the case was stayed until the end of December 2019, fifteen days after the order dismissing 7-Eleven, Inc. was entered. The case was transferred to me in February 2020.

The Parties agreed to a new schedule for discovery in the case in May 2020, *see* Civil Case Management Plan and Scheduling Order, ECF No. 46, and discovery began again. However, in July 2020, Plaintiff moved for an order to compel discovery, alleging that he had not received a single document or substantive discovery response from Solanki since the case was filed. *See* Letter Motion to Compel Discovery, ECF No. 50. On August 17, 2020, the Court ordered Defendant to produce nearly all of the categories of information Plaintiff requested. *See* Order Granting Letter Motion to Compel, ECF No. 56 (the "August 17 Order"). To date, Plaintiff still has not received any discovery material. *See* Memorandum in Support of Plaintiff's Motion for Sanctions, ECF 69-11, at 5.

Also on August 17, 2020, Solanki's counsel from the law firm Levin-Epstein & Associates, P.C moved to withdraw as counsel after Solanki terminated his engagement agreement with the firm and a deterioration in the attorney-client relationship.[1] *See* Declaration of Jason Mizrahi in Support of Motion to Withdraw, ECF No. 54, ¶ 32. The Court granted counsel's motion to withdraw and allowed Solanki to proceed *pro se*, provided that counsel inform Solanki of all existing deadlines and his obligations as a litigant. *See* Order Granting Motion to Withdraw, ECF No. 58. The Court also scheduled a telephonic status conference to discuss the case with the Parties.

On September 23, 2020, the Court held that conference at which Plaintiff appeared through counsel. However, Solanki did not appear or otherwise communicate with the Court. Nor did Solanki produce any discovery to Plaintiff or otherwise communicate with Plaintiff. At the conclusion of the conference, the Court entered an Order to Show Cause directing both

---

[1] The withdrawal does not appear to be related to the Court's granting the motion to compel. Counsel had informed the Court by letter dated August 5, 2020 that they would move to withdraw following the termination of their relationship with Solanki.

Solanki and his prior counsel to explain why no one had appeared at the status conference and why sanctions should not be entered against one or both of them for failing to comply with the Court's discovery and scheduling orders. *See* Order to Show Cause, ECF No. 59. Through both the submission in response to the OTSC [ECF No. 60] and the explanation at the resulting Show Cause Hearing, counsel demonstrated that it had substantially complied with the Court's orders. Solanki once again never appeared or responded to the Order to Show Cause.

As a result, Plaintiff filed a Motion for Sanctions based on Solanki's failure to comply with his discovery obligations and the Court's prior Orders [ECF No. 64]. The Court denied the request for sanctions, but granted the motion insofar as it sought to compel Solanki to produce the information subject to the Court's August 17 Order and also to contact Plaintiff's counsel to schedule his deposition. *See* Order Granting in Part Plaintiff's Motion for Sanctions, ECF No. 66. The Court further ordered that if Solanki failed to comply with the Order, Plaintiff could refile a Motion for sanctions. *Id.* at 2. At the end of the order, the Court warned Defendant in bold, capitalized text that:

> **FAILURE TO COMPLY WITH THIS ORDER, PRIOR ORDERS OF THE COURT, AND WITH DEFENDANT'S DISCOVERY OBLIGATIONS MAY RESULT IN SANCTIONS, POTENTIALLY INCLUDING MONETARY SANCTIONS, PRECLUSION OF EVIDENCE OR DEFENSES, OR STRIKING OF DEFENDANT'S ANSWER.**

The Order was mailed by the Court to Defendant and Plaintiff also mailed a copy of the Order and emailed another copy to Defendant. *See* Affidavit of Service, ECF No. 67. Once again, Solanki did not respond or take any efforts to comply with the Court's Orders.

Plaintiff thereafter filed a renewed motion for sanctions seeking an order that "(i) All facts claimed by the plaintiff be taken as established for purposes of the action; (ii) prohibiting the defendant form opposing plaintiff's claim or supporting defenses or from introducing any evidence in support of the defense; and (iii) striking defendant's answer in whole." *See* Motion

for Sanctions, ECF No. 69, at 1.  Having previously scheduled a status conference to discuss the discovery with the Parties, *see* ECF No. 57, the Court considered Plaintiff's Motion at a Status Conference on November 13, 2020.  Plaintiff was informed of the conference Plaintiff's counsel again.  *See* Affidavit of Service, ECF No. 71.  The conference provided yet another chance for Solanki yet another chance to appear or contest sanctions.  Once again, Solanki failed to appear, and he has not provided any discovery to Plaintiff or otherwise been in contact with Plaintiff's Counsel.   As a result, for the reasons stated on the record at the conference, the Court granted in part Plaintiff's motion for sanctions, striking Defendant's Answer in whole.  This Order memorializes the Court's ruling.

When considering whether to impose sanctions under Rules 16 and 37, courts look to several factors, including "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." *Sanchez v. Jyp Foods Inc.*, 2018 WL 4502008, at *3 (S.D.N.Y. Sept. 20, 2018) (quoting *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009)).  "[A] single pretrial violation, such as [a] party's failure to respond to a document request by the date ordered, would not ordinarily result in an imposition of a sanction of such finality as striking defendants' answer and entering judgment by default."  *U.S. Freight Co. v. Penn Cent. Transp. Co.*, 716 F.2d 954, 954 (2d Cir. 1983).  However, a trial court acts within its discretion to impose those sanctions where defendants have engaged in a "continuing saga of dilatory conduct," and where they have had "proper notice" of the order(s) with which they failed to comply as well as "an opportunity to argue [their] case against the proposed sanction."  *Id.*

Here, Solanki has been given several opportunities to comply with his discovery obligations and with the Court's orders, including while he was represented by counsel. As ordered by the Court, at the time of its withdrawal, Defendant's counsel informed him of the need to comply with the Court's orders and to engage in discovery. Each subsequent order in the case has been mailed to Solanki at the address provided by his prior counsel and emailed to him at an email address also supplied by counsel. The Court also has warned Solanki that his failures may result in sanctions. Nevertheless, Defendant has failed to appear, failed to provide discovery responses, failed to communicate with the Court or respond to or comply with Court Orders, or take any action that indicates an intention to defend against this case. Given the age of the case and Defendant's repeated failures, the Court must conclude that Solanki has willfully disregarded his obligations and will continue to do so.

There is no reason to believe at this point that lesser sanctions will bring about compliance with Solanki's discovery obligations. The Court repeatedly has declined to sanction Solanki in response to his failures to appear or communicate regarding the last three court conferences. After each failure to appear, the Court has given him an additional chance to appear to contest Plaintiff's claims, to no avail. Finally, the Court specifically warned him of the risk of sanctions—including, specifically, striking his answer—if he did not appear, but that warning appears to have done nothing to persuade Defendant to become involved in this case. Because Defendant has repeatedly failed to take any action in this case, the court must conclude that no lesser sanction would be calculated to ensure compliance or otherwise is warranted. This approach is consistent with cases in similar postures in this District. *See Coastal Inv. Partners, LLC v. DSG Global, Inc.*, No. 17-cv-4427 (PKC), 2020 WL 4887023, at *3 (S.D.N.Y. Aug. 19, 2020) (granting motion to strike and for a default judgment based on corporate defendant's

failure to retain counsel); *Rahman v. Red Chili Indian Cafe, Inc.*, No. 17-cv-5156-RA-BCM, 2019 WL 6619893, at *5 (S.D.N.Y. July 12, 2019), *report and recommendation adopted*, No. 17-cv-5156 (RA), 2019 WL 6619350 (S.D.N.Y. Dec. 5, 2019) (granting motion to strike Answer based on Defendants' failure to respond to Court orders or to engage in discovery); *Sanchez,* 2018 WL 4502008, at *4 (collecting cases and noting that"[t]he Court's warnings, coupled with the other factors, weigh in favor of striking [defendants'] answer.").[2]

For the foregoing reasons, Plaintiff's Motion for Sanctions [ECF No. 69] is GRANTED IN PART.  Defendant Jimmy K. Solanki's Answer [ECF No. 14] is STRICKEN.  Plaintiff may seek a certificate of default and file a motion for a default judgment.

Plaintiff is directed to serve this Order on Defendant by mail and email.  The Court also will mail a copy of this Order to Defendant.

**SO ORDERED.**

**Date:  November 13, 2020**              _____
**New York, NY**                          **MARY KAY VYSKOCIL**
                                                       **United States District Judge**

---

[2] The Court is not at this time entering default judgment against Solanki.  However, if Plaintiff seeks a default judgment against him, this will provide yet another opportunity for Solanki to appear or contest the motion before liability is incurred.