UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------------------------------------------
DEVENDRA RAJ ACHARYA, Individually and on Behalf of All Others Similarly Situated,
Plaintiff(s)

    -Against-

JIMMY K SOLANKI

**Defendant(s)**

-----------------------------------------------------------------------------------------------------------------

**Civil Action No.:** Civil Case No.: 1:18-CV-08010 (MKV)

PLIAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR

DEFUALT JUDGMENT

Submitted by

BHURTEL LAW FIRM PLLC
Attorney for the Plaintiff(s)
3749 75th STREET, 2FL, JACKSON HEIGHTS,
New York 11372,
(718) 509-6181
Date:  May 12, 2021

# Table of Contents

I: PRELIMINARY STATEMENT ..................................................................... 1

II: THIS COURT HAS SUBJECT MATTER JURISDICTION OVER

DEFENDANTS .................................................................................................. 2

III.  NATURE OF CLAIMS: ................................................................................ 2

IV  Defendants were duly served summons and complaint

therefore, this court has personal jurisdiction over the defaulting

defendants      **4**

V. FACTUAL BACKGROUND ........................................................................ 5

    A.  The Defaulting Defendants Are Employer Under The FLSA

and NYLL          **11**

VI: DAMAGES ................................................................................................. 13

    A.  Plaintiff is entitled overtime damage, liquidated

damages and failure to provide notices and correct statement damages 13

    B.  Federal and State overtime wages ............................................. 15

    C. Damages under FLSA ..................................................................... 16

VII. DAMAGES UNDER NYLL .................................................................... 17

    A.  The Wage Theft Prevention Act .................................................. 17

    B.  Plaintiff is entitled 100 % additional amounts of

liquidated Damages Under NYLL ...................................................... 18

    C.  "Spread of Hours" Wages ............................................................ 19

VIII   INTEREST ............................................................................................ 22

    A.   Plaintiff is entitled pre-judgment interest under NYLL in addition to Liquidated Damages ........................................... 22

    B.   Interest calculation............................................................ 23

    C.   Interest after judgment...................................................... 24

IX. Defendant retaliated or discriminated against the plaintiff after plaintiff filed this action............................................ 24

    X. ATTORNEY FEE & COST REQUEST ................................................. 26

    XI. CONCLUSION ....................................................................... 26

**Table of Authorities**

**Supreme Court Opinions**                                                        Page(s)

Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 66 S. Ct. 1187, 90 L. Ed. 1515, 1946
U.S. LEXIS 3065, 11 Lab. Cas. (CCH) P51,233 ....................................................................... 13

**Second Circuit Opinions**

*Ansoumana v. Gristede's Operating Corp.,* 255 F. Supp. 2d
184, 189 (S.D.N.Y. 2003)................................................................  11

*Begum v Ariba Discount, Inc.,* 2015 Wage & Hour Cas 2d (BNA)
174622 (SDNY Jan. 16, 2015 ................................................................19,22,24

*Doo Nam Yang v. ACBL Corp.*,
   427 F.Supp.2d 327 (S.D.N.Y.2005) ................................................................... 13

*Fermin v. Las Delicias Peruanas Rest., Inc.*,
   93 F. Supp. 3d 19 (E.D.N.Y. 2015) ............................................................ 9, 11, 17

*Flores v. Anjost Corp.*,
   284 F.R.D. 112 (S.D.N.Y. 2012) ................................................................ 19-20

*Greyhound Exhibitgroup v. E.L.U.L. Realty Corp.*,
   973 F.2d 155 (2d Cir. 1992) ............................................................................... 1

*Guan Ming Lin v Benihan New York Corp.,*
   10 CIV. 1335*a* RA JCF, 2013 WL 829098, at *3 [SDNY Feb. 27, 2013 ....................... 20

*Gurung v. Malhotra*,
   851 F. Supp. 2d 583 (S.D.N.Y. 2012) ..................................................................... 22

*Herman v. RSR Sec. Servs.*,
   172 F.3d 132 (2d Cir. 1999) .................................................................................. 12

*Jemine v. Dennis*,
   901 F. Supp. 2d 365 (E.D.N.Y. 2012) .................................................................. 15

*Kuebel v. Black & Decker Inc.*,
   643 F.3d 352 (2d Cir. 2011) .................................................................................. 13

*Ling Nan Zheng v. Liberty Apparel Co.*,
   355 F.3d 61 (2d Cir. 2003) ................................................................................... 12

*RA JCF,*
   2013 WL 829098 ................................................................................................. 20

*Reilly v. NatWest Mkts. Grp. Inc.*,
   181 F.3d 253 (2d Cir. 1999) ............................................................................... 22

*Rodriguez v. Almighty Cleaning, Inc.*,
    784 F. Supp. 2d 114 (E.D.N.Y. 2011) ................................................... 9, 12

*Salim Shahriar v. Smith & Wollensky Rest. Grp., Inc.*,
    659 F.3d 234 (2d Cir. 2011) ................................................................ 2

*Slayton v. Am. Express Co.*,
    460 F.3d 215 (2d Cir. 2006) ................................................................ 14

*Solis v SCA Rest. Corp.*,
    938 F Supp. 2d 380 [EDNY 2013] ....................................................... 13

*Swarna v. Al-Awadi*,
    622 F.3d 123 (2d Cir. 2010) ................................................................ 8

*Tho Dinh Tran v. Alphonse Hotel Corp.*,
    281 F.3d 23 (2d Cir. 2002) ................................................................. 14

**United States Code**

28 U.S.C. § 1331 ....................................................................................... 2
28 U.S.C. § 1367 ....................................................................................... 2
28 U.S.C. § 1961(a) ................................................................................... 24
29 U. S. C. § 211(c) .................................................................................. 13
29 U.S.C. § 201 .................................................................................. 3, 5, 24
29 U.S.C. § 203(d), (g) ............................................................................. 11
29 U.S.C. § 203(s)(1)(1) ........................................................................... 12
29 U.S.C. § 215(a)(3) ........................................................................... 3, 24
29 U.S.C. § 216(b) ........................................................................... 3, 16, 26
29 U.S.C. § 260 ........................................................................................ 17
29 U.S.C. §§ 206(a), 207(a) ..................................................................... 6
29 U.S.C.§ 207 ......................................................................................... 15

**State Statutes**

N.Y. C.P.L.R. 308 ..................................................................................... 5
N.Y. C.P.L.R. 5001(b), 5004 ................................................................... 22
N.Y. Lab. Law § 2(6) ............................................................................... 11
N.Y. Lab. Law § 195 ................................................................................ 3
2010 N.Y. Laws ch. 564, § 3, amending N.Y. Labor Law § 195(3) .......... 17
N.Y. Lab. Law § 195(1), (3) ..................................................................... 18
N.Y. Lab. Law § 198(1–a) ........................................................................ 19
N.Y. Lab. Law § 198-1 ............................................................................. 18

2010 N.Y. Laws ch. 564 § 7, amending N.Y. Labor Law § 198(1–d) ........................................ 18

N.Y. Lab. Law § 650 ....................................................................................................... 3, 5

N.Y. Lab. Law §§ 198 1-b, 1-d, 663 ............................................................................... 3, 18

N. Y. Comp. Codes R. & Regs. tit. 12 § 142-2.1 ........................................ 21

N. Y. Comp. Codes R. & Regs. tit. 12 § 142-2.4 ........................................ 19

N. Y. Comp. Codes R. & Regs. tit. 12 § 146-1.2 ........................................ 3

N. Y. Comp. Codes R. & Regs. tit. 12 § 146-2.2 ........................................ 15

N.Y. Lab. Law § 198(4) ..................................................................................................... 26

NY CLS Labor § 652 ...................................................................................... 21

N.Y. Lab. Law §§ 650-665 ............................................................................................... 19

**Federal Rules**

Fed. R. Civ. P. 4(e)(1) ..................................................................................................... 5

Fed. R. Civ. P. 4(k)(1)(A) ............................................................................................... 5

Fed. R. Civ. P. 8(b)(6) ..................................................................................................... 1

Fed. R. Civ. P. 54(b) ....................................................................................................... 1

Fed. R. Civ. P. 55(a) (b) (2) ......................................................................................... 1, 8

Local Rules 55.1, 55.2 ..................................................................................................... 1

29 C.F.R. § 516.2(a) ....................................................................................................... 14

29 C.F.R. § 791.2 ........................................................................................................... 11

## I: PRELIMINARY STATEMENT

Plaintiff was employed by the defendants Jimmy K Solanki from July 24, 2015 to January 29, 2017. Acharya's Decl. ¶ 4 - 13. Second amended complaint ¶ 47-54. Dock # 49 Exhibit 7. Plaintiff moved to seeking relief, among others, motion to strike defendant's answer. Hon. Judge Mary Kay Vyskocil order dated November 13, 2020 ECF Doc. # 74, granted plaintiff's motion and stricken the defendant's answer. The clerk of the court entered a certificate of default against the defendant Jimmy K Solanki (herein after defendants or Solanki) on December 29 2020. Dkt. 81. As a result of the default defendants admitted the factual allegations against them, other than one relating to the amount of damages, asserted in the complaint and subsequent discovery response. *See* Fed. R. Civ. P. 8(b)(6). a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages. *Greyhound Exhibit group v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992)*.

Now, in accordance with Fed. R. Civ. P. 54(b), 55(b) (2), and Local Rules of the United States District Courts for the Southern and Eastern Districts of New York Rules 55.1, 55.2 plaintiff(s) submits this memorandum of law and the

accompanying    affidavits,    declaration,    and    Exhibits
establishing    the    defaulting    Defendant's    liability,    as
established    supporting    evidence    submitted    in    this
proceedings.


## II: THIS COURT HAS SUBJECT MATTER JURISDICTION OVER

## DEFENDANTS

Pursuant to 28 U.S.C. § 1331 this court has original subject
matter jurisdiction over Plaintiff's FLSA Claims, which arise
under the federal law. Pursuant to 28 U.S.C. § 1367 this court
also has supplemental Jurisdiction over Plaintiff's New York
Labor Law Claims. Here, the NYLL and FLSA actions clearly
derive from such a common nucleus of operative facts since
they arise out of the same compensation policies and practices
of defendants. *Salim Shahriar v. Smith & Wollensky Rest. Grp.,
Inc., 659* F.3d 234, 245 (2d Cir. 2011)


## III. NATURE OF CLAIMS:

Plaintiff was employed by the defendants Solanki.
Compl. Acharya's Decl. ¶ 4 & 13. Second amended complaint ¶
47-54. Dock # 49 Exhibit 7). Defendants willfully failed to
pay overtime wages to plaintiff when plaintiff worked more

than 40 hours each work week. The Defendant also failed to provide correct paycheck statement. See ¶ 17,18, Acharya's Decl.  Plaintiff is entitled relief against the defaulting defendants for violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq. and New York Labor Law (NYLL) N.Y. Lab. Law § 650.; *Id.* § 195; 12 N.Y.C.R.R. § 146-1.2 in the form of unpaid overtime wages, additional pay for liquidated damages pursuant 29 U.S.C. § 216(b) and N.Y. Lab. Law §§ 198 1-b, 1-d, 663; 1-d and 663. Plaintiffs asserts that Defendants violated the FLSA and NYLL by: (1) failing to pay overtime for the hours that they worked over 40 hours in a workweek; (2) failing to keep payroll records as required by the FLSA and the NYLL; and (3) failing to record all of the time that their employee worked for the benefits of the defendants and provide such time records to plaintiffs.  As part of its uniform approach defendants employed worker more than 40 hours each week and did not pay overtime where plaintiff and class members worked more than 40 hours. See Compl. ¶ 47-54. Dock # 49 Exhibit 7.

Plaintiff asserts that defendant unlawfully discriminated against the plaintiff because the plaintiff commenced this action against the defendant Solanki and defendant violated title 29 U.S.C. § 215(a)(3).. See Compl. ¶¶ 89-100.

IV   Defendants were duly served summons and complaint therefore, this court has personal jurisdiction over the defaulting defendants

This action was commenced in September 2018, (See ECF Doc. # 1). Defendant Solanki was served, and summons return executed was filed. ECF Doc. #. 12. Subsequently March 11, 2019 plaintiff filed first amended compliant (ECF Doc. #. 20), and Plaintiff also filed on May 22, 2020 the second amended complaint (ECF Doc. #. 49). Both amended complaints were served upon defendant SOLANKI via ECF to his attorney. There are no records that the Defendant Solanki answer these amended complaints. Defendant has not filed answer to the First and second compliant with ECF. Further Plaintiff has not received answer of first and second amended complaint.

The defendant(s) Jimmy K Solanki, appear and answer first compliant in this action (ECF Doc. #. 14). However, the Defendant Solanki failed to appear in subsequent motion appearance date, and also failed to comply court order including discovery responses. Plaintiff made motion to

strike defendants answer including other reliefs ECF Doc. #
69.

Hon. Judge Mary Kay Vyskocil order dated November 13, 2020,
ECF. Doc. # 74, granted plaintiff's motion and stricken the
defendant Solanki's Answer.  Defendant Jimmy Solanki is not
an infant or an incompetent person. Defendant Jimmy Solanki
is not presently in the in-military service of the United
States as appears from facts in this litigation.  This Court's
Hon. Hon. Clerk Ruby J. Krajick granted and/or noted
certificate of default on December 29, 2020. See ECF Doc. #
81.

Solanki was properly served. *See* Fed. R. Civ. P. 4(e)(1);
N.Y. C.P.L.R. 308 and this court has jurisdiction over
Solanki. *See* Fed. R. Civ. P. 4(k)(1)(A).  Serving a summons
establishes personal jurisdiction over a defendant who is
subject to the jurisdiction of a court of general jurisdiction
in the state where the district court is located.


## V. FACTUAL BACKGROUND

Plaintiffs and class were employee of defendants subject to
Fair Labor Standard Act §§ 201 et seq., (FLSA) New York Labor
Law Article 19 §§ 650 et Seq. and the supporting New York

State Department of Labor regulations. Compl. ¶ 47-54. Dock # 49. Defendants were employer of the plaintiff and defendants' employer engaged in interstate commerce and/or production of good for commerce within the meaning of the FLSA 29 U.S.C. §§ 206(a), 207(a) . Upon information and belief defendants have had gross revenue in excess of $ 500,000.00. Upon information and belief defendant Solanki has constituted an enterprise as defined in the FLSA. Compl. Dkt 1. ¶10, 11, 12. Def. Solanki had ownership, managerial control of the employee and authority to hire fire personal and determine policy and procedure of payment of wages.

Plaintiff was employed by the defendants Solanki from July 24, 2015 to June 29, 2017. Acharya was hourly employee of the Defendant. Acharya was ordinarily scheduled to work 12 hours shift in a day. Acharya worked 60 hours 84 hours per week for the defendants. Defendant did not pay approximately 2243.29 hours' overtime wages. Defendant did not pay approximately 120 hours regular wages. Acharya's Decl. ¶ 4-13. Compl. Dkt. 49 ¶47-54.

Defendant also did not provide correct payroll check with statement, listing gross wages, deductions, and net wages, the regular hourly rate of pay and overtime rate of pay.

Defendant inaccurately recorded hours, prepare inaccurate statement, and paid less wages. Defendant owes overtime wages to plaintiff approximately in the amount of 13001.83. Defendant owes regular hour wages to plaintiff approximately $ 1240. Defendant owes plaintiff overtime and regular wages approximately some of 14,241.82. Acharya's Decl. ¶ 4-14. Compl. Dkt. 49 ¶47-54.

Defendant required to work more than 10 hours a day. Defendant failed to pay spread of hours of wages approximately sum of 5628.21.

Plaintiff filed this action on September 3, 2018. ECF Doc.# 1. Subsequently defendant Solanki contacted plaintiff and threatened plaintiff Acharya either withdraw this action or he will file criminal complaint. Plaintiff did not withdraw the compliant. The defendant send text as follows: "I was out of town, but if you drop the case against me. I will drop case against you. I am meeting District Attorney next week. Remember you started this. Let me know what you like to do ????" Plaintiff affidavit ¶ 20 and **Exhibit 2.**

Based on Defendant's Solanki's false complaint plaintiff was arrested on or about October 22, 2018. **Exhibit 3.** Defendant Solanki created the false documents and submitted to New York

City Police and District Attorney of New York County. Charges against Plaintiff was dismissed on January 30, 2019 by Criminal Court of the City of New York, County of New York. **Exhibit 4**, and 2nd Amended complaint ECF Doc# 49 ¶92-98. Plaintiff Acharya suffered injures including, mental injury, financial injury, attorney cost defending false criminal charges, loss of income as Taxi, lyft, Uber driver, medical care cost and other cost and expenses. 2nd Amended Complaint ECF Doc.# 49 ¶¶ 99-100. Plaintiff affidavit ¶¶ 20-28. **Exhibit 5 and 6.**

### VI: FACTOR RELEVANT TO DEFAULT JUDGMENT

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend ... and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a).

When considering whether to grant a default judgment, a court must be "guided by the same factors [that] apply to a motion to set aside entry of a default. These factors include: (1) whether the default was willful; (2) whether ignoring the default would prejudice the opposing party; and (3) whether the defaulting party has presented a meritorious defense. *See*

*Swarna v. Al-Awadi*, 622 F.3d 123, 142 (2d Cir. 2010); As for the first factor, a defendant's failure to respond to the complaint is sufficient to demonstrate willfulness. The defendant's nonappearance and failure to respond equated to willful conduct. In the context of a motion to vacate a default judgment, the defendants' failure to respond to the complaint or "take action after receiving notice that the clerk had entered a default against them," supported a finding of willfulness. *Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 31 (E.D.N.Y. 2015), *see also Rodriguez v. Almighty Cleaning, Inc.*, 784 F. Supp. 2d 114, 123 (E.D.N.Y. 2011) As to second factor, defendants' failure to respond and plaintiff's efforts to prosecute their case are sufficient to demonstrate that ignoring the default would prejudice plaintiff, as there are no additional steps available to secure relief in this court. Defendant cannot establish meritorious defense.

Defendant Solanki was served, and summons return executed was filed. ECF Doc. #. 12. Defendant Solanki appear through his attorney and answered the first complaint (ECF Doc. # 14). Subsequently, both amended complaints were served upon defendant SOLANKI via ECF to his attorney.  There are no records that the Defendant Solanki answer these amended

9

complaints. Defendant has not filed answer to the First and second amended compliant with ECF. Further Plaintiff has not received answer of first and second amended complaint. The defendant(s) Jimmy K Solanki, appear and answer first compliant in this action (ECF Doc. #. 14). However, the Defendant Solanki failed to appear in subsequent motion appearance date, and also failed to comply court order including discovery responses. Plaintiff made motion to strike defendants answer including other reliefs ECF Doc. # 69.

Hon. Judge Mary Kay Vyskocil order dated November 13, 2020, ECF. Doc. # 74, granted plaintiff's motion and stricken the defendant Solanki's Answer. Defendant Jimmy Solanki is not an infant or an incompetent person. Defendant Jimmy Solanki is not presently in the in-military service of the United States as appears from facts in this litigation. This Court's Hon. Hon. Clerk Ruby J. Krajick granted and/or noted certificate of default on December 29, 2020. See ECF Doc. # 81. Provided multiple opportunity to appear and continue discovery process however defendant intentionally choose not to appear. This clearly shows that defendant willfully defaulted in this action.

A. The Defaulting Defendants Are Employer Under The FLSA and
   NYLL

Defaulting defendants are jointly and severally liable as
employer under NYLL and FLSA. Defaulting defendants defaulted
in this action, and it is deemed admitted of plaintiff's
allegations. NYLL and FLSA use the same analysis to determine
whether defendants are jointly liable as employers. *see
Rodriguez v. Almighty Cleaning, Inc.*, 784 F. Supp. 2d 114,
128 (E.D.N.Y. 2011); *Ansoumana v. Gristede's Operating Corp.,*
255 F. Supp. 2d 184, 189 (S.D.N.Y. 2003). The FLSA defines
"employ" as to suffer or permit to work. 29 U.S.C. § 203(g).
and employer means any person acting directly or indirectly
in the interest of an employer. *Id.* § 203(d). Under NYLL
employee is define: any person employing any employee. Def.
Solanki is also employers pursuant to the FLSA, 29 U.S.C. §
203(d), and related regulations such as 29 C.F.R. § 791.2, as
well as under N.Y. Lab. Law § 2(6) and related regulations
under the NYLL. *Fermin*, 93 F. Supp. 3d at 24. Defendant are
employer within the meaning of the FLSA and NYLL because it
Employ plaintiff or defendant suffer or permit to work
plaintiff. 29 U.S.C. § 203(g). Compl. ¶ 47-53 Acharya Decl.
¶ 4-14.

Even "local business activities fall within the reach of the
FLSA when an enterprise employs workers who handle goods or

materials that have moved or been produced in interstate commerce, the test is met if Plaintiffs merely handled supplies or equipment that originated out-of-state. *Rodriguez*, 784 F. Supp. 2d at 121.

Defendant(s) engaged in the interstate commerce, it has employee who handling goods or material that have been moved in interstate commerce and it has annual gross volume of sales of at least $ 500,000.00. *See* 29 U.S.C. § 203(s)(1)(1). Compl. ¶¶ 8-18. Solanki is an employer within meaning of the FLSA and NYLL because he acted directly or indirectly in the interest of Solanki in relation to Plaintiffs, including having hire and fire Plaintiffs, supervise, and control his work schedules and condition of their employment and determine the rates and methods of payment. Compl. ¶¶ 8-18. Under the "economic reality" test, the relevant factors include "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records. *Herman v. RSR Sec. Servs.*, 172 F.3d 132, 139 (2d Cir. 1999), *holding mod by Ling Nan Zheng v. Liberty Apparel Co.*, 355 F.3d 61 (2d Cir. 2003).

For the foregoing reasons, defendants are liable for overtime wage and damages under FLSA and NYLL as asserted in the

compliant.


### VI: DAMAGES

**A. Plaintiff is entitled overtime damage, liquidated damages and failure to provide notices and correct statement damages**

FLSA Requires employer shall make, keep and preserve such records the person employed by him and of the wages, hours, and other condition and practice of employment maintained by him and shall preserve such records for such period of time. See 29 U. S. C. § 211(c).

> Although a plaintiff normally "has the burden of proving that he performed work for which he was not properly compensated," when an employer has "inaccurate or inadequate" records, the plaintiff "has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Mt. Clemens,* 328 U.S. at 687, 66 S.Ct. 1187. Sufficient evidence may be established by "recollection alone." *Doo Nam Yang v. ACBL Corp.,* 427 F.Supp.2d 327, 335 (S.D.N.Y.2005); *see also Kuebel v. Black & Decker Inc., 643* F.3d 352, 362 (2d Cir. 2011). "The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." even though the result be only approximate…

*Solis v SCA Rest. Corp.,* 938 F Supp. 2d 380, 394 [EDNY 2013]. See also *Anderson v Mt. Clemens Pottery Co.,* 328 US 680, 688, 66 S Ct 1187, 1192, 90 L Ed 1515 [1946]

An employer is required to state, among other things, "the time of day and day of week on which the employee's workweek begins," "hourly rate of pay for any workweek in which overtime compensation is due," "the monetary amount paid on a per hour, per day, [or] per week ... basis," the "hours worked each workday and total hours worked each workweek," "total daily or weekly straight-time earnings or wages *398 due for hours worked ... exclusive of premium overtime compensation" and "total premium pay for overtime hours." 29 C.F.R. § 516.2(a). *Supra Solis* at 397–98

Here defendant failed to keep accurate records of Plaintiff's employment. Compl. ¶ ¶ 31–46 ECF Doc# 49. Plaintiff can sufficiently establish their damages by offer their own testimony of hours worked and wage paid. When accurate records or precise evidence of the hours worked do not exist, "an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. *Tho Dinh Tran v. Alphonse Hotel Corp., 281 F.3d 23, 31 (2d Cir. 2002)*, plaintiff's own testimony is sufficient to establish his damages overruled on other ground by by *Slayton v. Am. Express Co., 460 F.3d 215 (2d Cir. 2006)*. Where, as here, the employer has failed to maintain accurate and complete employment records, the plaintiff-employee only needs to submit "sufficient evidence from which violations of the FLSA and the amount of an award may be reasonably

inferred. *Jemine v. Dennis*, 901 F. Supp. 2d 365, 376 (E.D.N.Y. 2012).

Plaintiff's own testimony found in his declaration their hours and wages should be a sufficient factual basis to support plaintiff's damages claims. See Plaintiff's declaration.

### B. Federal and State overtime wages

The FLSA and NYLL requires that employer who permit or suffers employee to work more than 40 hours in a work week must pay overtime rate of one-and-a-half times the regular rate of pay for each hour. 29 U.S.C.§ 207, and 12 N. Y. C. R. R. § 146-2.2.

Acharya was scheduled to work 12 hours a day. Acharya has been working 60 hours to 84 hours hours a week. While plaintiff was working 72 hours a week but defendant would provide 40 hour wages in in pay check. Defendant did not pay wages over 40 hours worked at the rate of one and half. Defendant failed to pay approximately 20 hours 44 hours overtime wages each working weeks. See Acharya's Affidavit ¶¶ 4-14.

Defendant failed to pay plaintiff approximately following overtime and regular wages for the period set forth above:

| Date | Date To | Over | | Over | Total | Regular | Over |
|------|---------|------|---|------|-------|---------|------|

| from | | time hours | wage / hour $ | time wage | | wage Paid | time Unpaid |
|---|---|---|---|---|---|---|---|
| July    24 2015 | December 17 2015 | 670 | 9 | 13.50 | 9046.35 | 5634.00 | 3411.45 |
| December 18 2015 | January 19 2017 | 1424 | 10 | 15 | 21360.00 | 14240.00 | 7120.00 |
| January 20, 2017 | June    29 2017 | 349.29 | 11 | 16.50 | 5763.28 | 3292.90 | 2470.38 |
| Total | | 2443.29 | | | | | 13001.83 |

Unpaid regular wages

| Date from | To | Regular hours | Rate | Unpaid wages |
|---|---|---|---|---|
| July 24, 2015 | July 30 2015 | 40 | 9 | 360 |
| June 09, 2015 | June 15 2015 | 40 | 11 | 440 |
| June 23, 2017 | June    30, 2017 | 40 | 11 | 440 |
| Total | | 120 | | 1240 |

Defendant failed to pay plaintiff Acharya approximately total of 62456.81 for overtime wages, liquidated damages, interest and other damages. This damage does not include attorney fee and cost.


C. Damages under FLSA

Under the FLSA, an employer may be liable for liquidated damages 'in an additional equal amount' to the amount owed for 'unpaid minimum wages, or ... unpaid overtime compensation. 29 U.S.C. § 216(b). But if employer shows that the act or omission giving rise to FLSA liability was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of FLSA the Court may, in its sound discretion, award no liquidated damages or

award a lessor amount thereof. *Fermin, 93 F. Supp. 3d at 47*. Here the defendant has not answered or otherwise appeared, or they have alleged otherwise and that failure to pay overtime wages was in good faith and had reasonable ground for believing that omission was not a violation of the FLSA 29 U.S.C. § 260. On the other hand, plaintiff asserts that defendant's FLSA violation were knowing and willful. Compl. Dkt. 1. ¶¶ 55-63. The defendants with their willful act defaulted. Defendant(s) appeared via attorney and subsequently defaulted. Court has stricken the defendant's answer clerk has issued certificate of default.

For the forgoing reasons, Plaintiff is entitled 100 % liquated damages under FLSA. Therefore, court should grant liquidated damage of $ 14,241.83 under FLSA. See above paragraphs.

### VII. DAMAGES UNDER NYLL

### A. The Wage Theft Prevention Act

The Wage Theft Prevention Act (WTPA) also requires employers to include in each employee's pay statement an accounting of "gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages." 2010 N.Y. Laws ch. 564, § 3, *amending* N.Y. Labor Law § 195(3). Prior to February 27, 2015, the WTPA allowed employees to recover, as statutory

damages for violations of this wage statement requirement, $100 per work week, not to exceed $2,500. *See* 2010 N.Y. Laws ch. 564 § 7, *amending* N.Y. Labor Law § 198(1-d).   If employee is not provided a statement required by the N.Y. Lab. Law § 195(3) NYLL he/she shall recover in a civil action damages of $ 250 for each workday that violations occurred or continue to occur but not to exceed $ 5000.00 Effective February 27, 2015. L. 2014, C. 537, §§ 2, 4, eff, Feb 27, 2015.   NYLL *Id.* § 198-1.

Defendant also failed to provide proper notice required under NYLL § 195 (1) notice containing the rate, rates of pay, the regular pay, overtime pay, and other information. Compl. Dkt. 49. ¶¶64-83.   Defendant violated N.Y. Lab. Law § 195(1) and defendant are subject to Id. § 198 (1-b) which requires that defendant should pay statutory damages $ 50 for each workday up to $ 5000.00.   see also Acharya's affidavit.


B. Plaintiff is entitled 100 % additional amounts of liquidated Damages Under NYLL

The NYLL was amended on April 9, 2011 to provide the same 100% in liquidated damages as the FLSA. Employees may recover liquidated damages of 100% of wages owed unless "the employer proves a good faith basis for believing that its underpayment

of wages was in compliance with the law." N.Y. Lab. Law § 198(1-a). Under the NYLL, "liquidated damages are presumed unless defendants can show subjective good faith.  Under NYLL unless the defendant proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated damages to one hundred percent of total amount of the wages found to be due may be recovered by a plaintiff. NYLL §198(1-a).  *Begum v Ariba Discount, Inc.,* 2015 Wage & Hour Cas 2d (BNA) 174622 [SDNY Jan. 16, 2015].

In this action Plaintiff Acharya is entitled 100 % liquidated damages in addition to FLSA Liquidated damages. Therefore, court should grant liquidated damage of $ 14,241.83 under NYLL.

### C. "Spread of Hours" Wages

New York Law requires an employer to pay an employer for one additional hour at the minimum hourly wages for any day in which the employer works over ten hours. NYLL §§ 650-665; N. Y. Comp. Codes R. & Regs. tit. 12 § 142-2.4. It would have been extremely easy for Defendants to adduce any evidence that they had a policy of paying spread of hours wages as required by the NYLL—Defendants are in control of their own wage policies and records. *Flores v. Anjost Corp.*, 284 F.R.D.

112, 126 (S.D.N.Y. 2012). Defendants fail to make even a simple proffer that the unproduced time sheets would show that, prior to June 25, 2009, non-exempt employees did not work more than ten hours a day or that spread pay was given to those who did. *Guan Ming Lin v Benihana* Guan Ming Lin v Benihana New York Corp., 10 CIV. 1335 RA JCF, 2013 WL 829098, at *3 [SDNY Feb. 27, 2013]. RA JCF, 2013 WL 829098, at *3 [SDNY Feb. 27, 2013].

Plaintiff claims that he worked in exceeds of 10 hours each work week he worked for the defendant. During this time period plaintiff asserts, he worked 60 to 84 hours per work week. Acharya Decl. ¶¶ 4-14. Plaintiff worked five days to seven days of week. Each work week plaintiff worked more than 10 hours a day. Acharya Affidavit ¶¶ 40-14.

Plaintiff worked period from July 24, 2015 to June 29, 2017 total of 707 days. Total days 707 divided by 7 results 101 weeks. If we calculate approximate average of six days of work 101 days will be minus from 707 days which results 606 days. Approximately plaintiff worked 606 days in his work period that means defendant is liable for spread of hours wages for each day which is approximately total of 606 hours. Defendant owes plaintiff Acharya minimum wages of 606 hours for the period he worked.

New York State's New York City area has minimum wages after December 31, 2014 of $ 8.75 until December 30, 2015. From December 31, 2015 to December 30, 2016 minimum wages were $ 9 for small employer and $ 11 per hours for large employer of eleven or more employees. From December 31, 2016 to December 30, 2017 minimum wages for small employer was $ 10.50 per hour and for large Employer of eleven or more employee was $ 13 per hour. NY CLS Labor § 652. N. Y. Comp. Codes R. & Regs. tit. 12 § 142-2.1. Since plaintiff worked 5 to 7 days each work week. Plaintiff made average work week of 6 days to calculate for spread of hours.

| Work Start date | Work End date | Total days | Total week | Minus off day | Average workday | Minimum wage $ | Total spread hours $ |
|---|---|---|---|---|---|---|---|
| 7/24/2016 | 12/30/2015 | 159 | 22.71 | 22.71 | 136.28 | 8.75 | 1192.5 |
| 12/31/2015 | 12/30/2016 | 365 | 52.14 | 52.14 | 312.85 | 9 | 2915.71 |
| 12/31/2016 | 6/29/2017 | 180 | 25.71 | 25.71 | 154.28 | 10.5 | 1620 |
| Total | | | | | | | 5628.21 |

For the forgoing calculation the Defendants owed to the plaintiff Acharya spread of hours wages, in the amount of $ 5628.21.

### VIII INTEREST

#### A. Plaintiff is entitled pre-judgment interest under NYLL in addition to Liquidated Damages

Under NYLL Plaintiff are entitled prejudgment interest in addition to liquidated damages. Pre-judgment interest and liquidated damages under the Labor Law are not functional equivalents. "The purpose of a prejudgment interest award in a wrongful termination case is to compensate a plaintiff for the loss of use of money. In contrast, liquidated damages under the Labor Law "constitute a penalty" to deter an employer's willful withholding of wages due. where ... damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all the damages from a single reasonable intermediate date. *Reilly v. NatWest Mkts. Grp. Inc.*, 181 F.3d 253, 265 (2d Cir. 1999); *Begum v Ariba Discount, Inc.,* 2015 Wage & Hour Cas 2d (BNA) 174622. *Gurung v. Malhotra*, 851 F. Supp. 2d 583, 594 (S.D.N.Y. 2012)

Under N.Y. C.P.L.R., interest "shall be at the rate of nine per centum per annum" and "computed from the earliest ascertainable date the cause of action existed, except that interest upon damages incurred thereafter shall be computed from the date incurred. N.Y. C.P.L.R. 5001(b), 5004.

Plaintiff request interest in their complaint. Compl. Dkt. 49. ¶ 63,69, and 83.

## B. Interest calculation

Plaintiff started to work form July 24, 2015 until June 29, 2017. This will make total of 706 days. If it is divided by two which will make 353 days. Intermediate date to calculate interest is July 11, 2016. When we add 353 days from July 24, 2015 it comes to July 11, 2016 therefore that July 11, 2016 is intermediate date. Defendant owes plaintiff overtime wages in the amount of $ 14241.83 and plus spread of hours' wages in the amount of $ 5628.21 total of 19,869.94. ).09% interest rate is divided by 365 days which result per day interest rated of 0.000246575%. $19869.94 is multiply by per day interest rate of 0.000246575 results 4.899. Per diem interest of $ 19,869.94 with 9 % interest is $ 4.899. From July 11, 2016 to as of May 10, 2021 makes 1764 total days. Per diem interest $ 4.899 multiply with 1764 days results 8641.83.00.

For the foregoing reasons plaintiff is entitled prejudgment interest in the amount of 8641.83.00 from July 11, 2016 to as of May 10, 2021. $ 4.899 dollar per diem interest shall be continues until this court enters judgement. After judgment post judgement interest should apply.

## C. Interest after judgment

"Pursuant to federal law, "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court.... Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield ... for the calendar week preceding ... the date of the judgment." 28 U.S.C. § 1961(a)." *Begum*, 2015 Wage & Hour Cas 2d (BNA) 174622.  Plaintiff prays for relief of post judgment interest as well.

## IX. Defendant retaliated or discriminated against the plaintiff after plaintiff filed this action

It is unlawful to discriminate any manner against the employee because of a employee filed any complaint or instituted or caused to be instituted any proceeding under or related to 29 U.S.C. § 201. et Esq.,. 29 U.S.C. § 215(a)(3).

Plaintiff filed this action on September 3, 2018. ECF Doc.# 1. Subsequently defendant Solanki contacted plaintiff and threatened plaintiff Acharya either withdraw this action or he will file criminal complaint. Plaintiff did not withdraw the compliant. The defendant send text as follows: "I was out

of town, but if you drop the case against me. I will drop case against you. I am meeting District Attorney next week. Remember you started this. Let me know what you like to do ????" Plaintiff affidavit ¶ 20 and **Exhibit 2.**

Based on Defendant's Solanki's false complaint plaintiff was arrested on or about October 22, 2018. **Exhibit 3.** Defendant Solanki crated the false documents and submitted to New York City Police and District Attorney of New York County. Charges against Plaintiff was dismissed on January 30, 2019 by Criminal Court of the City of New York, County of New York. **Exhibit 4**, and 2nd Amended complaint ECF Doc# 49 ¶92-98. Plaintiff Acharya suffered injures including, mental injury, financial injury, attorney cost defending false criminal charges, loss of income as Taxi, lyft, Uber driver, medical care cost and other cost and expenses. 2nd Amended Complaint ECF Doc.# 49 ¶¶ 99-100.  Plaintiff affidavit ¶¶ 20-28. **Exhibit 5 and 6.**

Plaintiff request for trial or hearing to determine damages for retaliation or discriminatory act by the defendants.

## X. ATTORNEY FEE & COST REQUEST

The FLSA and the NYLL both provide for this recovery in the event of successful wage protection claims. *See* 29 U.S.C. § 216(b); N.Y. Lab. L. § 198(4). Plaintiff request attorney fee in this action.  Plaintiff's will submit application for attorney fee and cost after completion of hearing of retaliation damages. Plaintiff incurred cost in this action until now in the amount of $ 596.00 plus Lexis Advance research, public records search, and other cost, to be provided at the time of attorney fee and litigation cost application.

## XI. CONCLUSION

For the reasons stated herein, Plaintiffs respectfully request that the Court grant default judgment against the defendants as follows:

a. Unpaid overtime wages and unpaid regular wages in the amount of $ 14241.83

b. Fair Labor Standard Act Penalty in the amount of 14241.83

c. New York Labor Law Penalty in the amount of 14241.83

d. Spread of hours wages in the amount of $ 5628.21.

e. Interest from Median date July 11, 2016 to as of May 10, 2021 in the amount of 8641.83

f. Failure to give proper paycheck in the amount of $ 5000.00

g. Failure to give proper notice under NYLL in the amount of $ 5000.00

h. Social security and Medicare tax contribution $ 1089.49

i. Cost in the amount to be determined after completion of hearing or trial,

j. Damages related to retaliation to be determined at the hearing/trial.

k. Attorney fee to be determined after plaintiff's application for attorney fee, and other litigation cost.

Dated: Queens, New York
      May 12, 2021

Durga P. Bhurtel, Esq.
Attorney for Plaintiff,
Devendra    Raj    Acharya,
Individually and on Behalf of
All Others Similarly Situated
37-49 75th Street, 2nd Floor
Jackson Heights, NY, 11372
Tel:212-461-4628
Fax:212-446-4253
Email:deb@attorneybhurtel.com

TO: Defendant via mail and email

27

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK          Civil Action No: 1:18-CV-08010-MKV
==================================================================
DEVENDRA RAJ ACHARYA, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED

                                                            Plaintiffs


                              V.


JIMMY K SOLANKI



                                                      Defendants.
_____

==================================================================

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGEMENT

==================================================================

**Bhurtel Law Firm PLLC**
*Attorney for Plaintiff(s)*


*Office and Post office Address, Telephone*

**3749 75th Street 2nd Floor**
**Jackson Heights, NY 11372**
**Phone # 212-461-4628**


==================================================================
Service of a copy of the within is hereby admitted by Attorney for the defendant on Dated,
by

         …………………………………..
              *Attorney(s) for defendants BY:*