USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/19/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEVENDRA RAJ ACHARYA,

                Plaintiff,

    -against-

JIMMY K. SOLANKI,

                Defendant.

1:18-cv-08010-MKV

ORDER

MARY KAY VYSKOCIL, United States District Judge:

    Plaintiff filed its Second Amended Complaint on May 22, 2020. [ECF No. 49]. After Defendant's former counsel withdrew from the case [ECF No. 57] Defendant has ceased corresponding with the Court, has failed to meet his discovery obligations, and has not otherwise appeared in this case or responded to Plaintiff's Complaint. Plaintiff obtained a Certificate of Default from the Clerk of the Court and thereafter moved for a default judgment on April 6, 2021. [ECF No. 84]. The Court held a hearing on the Motion on August 18, 2021.

    It is hereby ORDERED that the Motion for Default Judgment [ECF No. 84] is GRANTED in part with respect to Defendant's liability relating to unpaid wages and overtime wages under the Fair Labor Standards Act and New York Labor Law.

    It is FURTHER ORDERED that the motion for a default judgment is DENIED with respect to Plaintiff's retaliation claim under the Fair Labor Standards Act, 29 U.S.C. § 215(a)(3). The Court declines to enter default judgment with respect to Plaintiff's § 215(a)(3) retaliation claim, because Plaintiff fails to plead a *prima facie* case for retaliation. Section. 215(a)(3) of the FLSA prohibits an employer from discharging or discriminating against any employee "because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter." "To make a *prima facie* retaliation claim, the Plaintiff must

show: (1) participation in protected activity known to the defendant, like the filing of a FLSA lawsuit; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action." *D'Amato v. Five Star Reporting, Inc.*, 80 F. Supp. 3d 395, 420 (E.D.N.Y. 2015).  An adverse employment action must "affect[] the terms, privileges, duration, or conditions of the plaintiff's employment." *Id.* (quoting *Ginsberg v. Valhalla Anesthesia Associates, P.C.*, 971 F. Supp. 144, 148 (S.D.N.Y. 1997)).  Plaintiff does not plead how the filing of a police report against Plaintiff for allegedly stealing from the Defendants while he was employed constitutes an adverse employment action. Plaintiff therefore fails to make out a *prima facie* retaliation claim under the FLSA, as noted at the hearing on the default judgment motion.  *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) ("[P]rior to entering default judgment, a district court is required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law.") (quotation and alterations omitted).

      By separate order, the Court will refer this case to the designated magistrate judge for an inquest on damages.

**SO ORDERED.**

**Date: August 19, 2021**
**New York, NY**

                                            **MARY KAY VYSKOCIL**
                                            **United States District Judge**